FREDERICK A. LOCKWOOD *vs.* GEORGE W. TWITCHELL
& another.

Suffolk.     March 16, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Promissory Note — Accommodation — Defence.*

It is no defence to a promissory note that the maker signed it at the request of one for whose accommodation it does not appear to have been given, under his promise, express or implied, to indemnify the maker.

CONTRACT against George W. Twitchell and John Eliot, as former copartners under the name of George W. Twitchell and Company, on a promissory note payable to the order of the plaintiff, and signed by "Geo. W. Twitchell & Co." The answer of the defendant Eliot contained a general denial, and

set up want of consideration and payment, and concluded as follows:

" And said Eliot further says that he signed said note as surety for his co-defendant, Twitchell ; that the plaintiff knew at the time of taking said note that said Eliot was surety for said Twitchell upon said note ; that subsequently the plaintiff, without the knowledge or consent of said surety, Eliot, made a valid and binding agreement with the principal debtor, Twitchell, to extend the time of payment of said note ; whereby said defendant Eliot was wholly discharged from liability upon said note. And said defendant Eliot further says that he was induced to sign the note in suit by the fraud of the plaintiff and of Jotham Twitchell, and of the co-defendant George W. Twitchell ; and that said plaintiff, Jotham Twitchell, and George W. Twitchell have secretly and fraudulently colluded together to charge said defendant Eliot on said note."

Trial in the Superior Court, before *Hammond,* J., who allowed the following bill of exceptions, alleged by the defendant Eliot:

" The defendant John Eliot offered to prove that said Lockwood is suing for the benefit of one Jotham Twitchell, and as his agent or trustee ; that the note in suit was signed by said Eliot in the name of his firm of George W. Twitchell & Co., at the request of said Jotham Twitchell, and to enable him to raise money from said Lockwood, which was done to be given to said Jotham Twitchell's son, the principal defendant, George W. Twitchell, and to be used by the latter for his own private purposes, and not for the benefit of said Eliot, nor of the firm of George W. Twitchell & Co. But the judge ruled that these facts would constitute no defence for said Eliot, and ordered a verdict for the plaintiff."

*C. Reno,* for the defendant Eliot.

*S. W. McCall,* for the plaintiff.

MORTON, C. J. This bill of exceptions is brief and obscure. It states that the defendant Eliot " offered to prove that said Lockwood is suing for the benefit of one Jotham Twitchell, and as his agent or trustee ; that the note in suit was signed by said Eliot in the name of his firm of George W. Twitchell & Co., at the request of said Jotham Twitchell, and to enable him to raise money from said Lockwood, which was done to be given to said

Jotham Twitchell's son, the principal defendant, George W. Twitchell, and to be used by the latter for his own private purposes." We treat the case as if Jotham Twitchell were the plaintiff, having in some way become the owner of the note. If the offer of proof could be construed as meaning that the defendant Eliot signed the note for the accommodation and benefit of Jotham Twitchell, it would be a defence. But to sustain the defence that a note was signed for the accommodation of the plaintiff, it must appear that it was given for his benefit, and upon an express or implied promise that he would hold the maker harmless on the note. If it have this character, then, as between the plaintiff and defendant, it is without consideration. *Corlies* v. *Howe*, 11 Gray, 125. *Kellogg* v. *Barton*, 12 Allen, 527.

But it is not enough for the defendant Eliot to prove that he signed the note for the accommodation of George W. Twitchell at the request of Jotham Twitchell. In the absence of any agreement, the law will not imply a promise by Jotham Twitchell to indemnify the defendant, from the mere fact that he requested the defendant to sign the note for the accommodation of George W. Twitchell. The note was good in the hands of any *bona fide* holder ; Jotham Twitchell was not a party to the note, and if he became the holder, he can enforce it. As we construe the exceptions, the offer of proof does not go far enough to constitute a defence. We cannot fairly enlarge the words " at the request of said Jotham Twitchell," so as to make them mean that the note was signed for his accommodation.

This construction of the exceptions is fortified by the fact that the answer does not allege that the note was signed for the accommodation of Jotham Twitchell. It alleges that the defendant Eliot " signed the note as surety for his co-defendant," and that he was induced to sign it by the fraud of the nominal plaintiff and of the two Twitchells.

We are therefore of opinion that the ruling of the Superior Court was correct. *Exceptions overruled.*