THEODORE ALTMAN v. PETER ANTON et al., Appellants.

**Parol Variance of Writing.** Sureties can not show, in parol, that
1 the payee of a note told them when they signed, that he would not
require them to pay the note.

**Accommodation Makers.** That payee then said that the sureties
2 were required to sign, only, in order that he might negotiate the note,
does not render them accommodation makers.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

FRIDAY, OCTOBER 5, 1894.

PLAINTIFF brings this action to recover judgment
upon a promissory note executed to him by the defend-
ants, John Anton, Peter Anton, and Nic Anton. The
defendants Peter Anton and Nic Anton answered.
They admit that they signed said note, and aver that
they did so as sureties for John Anton. They alleged
that said note was given in payment of a pre-existing
indebtedness, and that there was no consideration to
either of them; "that each of said defendants were in-
duced to sign said note upon the express promise and
statement, made by plaintiff before and at the time of
signing it, that they would not be held liable thereon,
nor required to pay the same, and on plaintiff's declara-
tion that his sole purpose in securing their signatures
was that he might use said note as collateral upon which
to borrow money at a bank in Dubuque, Iowa; that
said representations were false and fraudulent." The
case was tried to a jury, and at the conclusion of the
evidence, plaintiff moved for a verdict, "for the reason
that defendants have not denied the execution of the note
in controversy, and have not established a valid defense
thereto, the evidence showing that there was a good

and valuable consideration for the execution of this note." The motion was sustained, and the jury instructed to find for the plaintiff for the amount due on the note, and judgment was entered accordingly, from which the defendants Peter and Nic Anton appeal.— *Affirmed*.

*Willis G. Clarke* for appellants.

*Strong & Owen* and *Powers, Lacey & Brown* for appellee.

GIVEN, J.—On the trial, Peter Anton testified as follows: "He (plaintiff) said that my father and mother are going to sign the note, and he would like to have me and my brother Nic to sign too, for it will be only an accommodation for him. Then he could sign the note over to the bank at Dubuque, or some place else, if he had good security on it. And he said he never would come upon us for any payment. * * * 'You do not have to pay. I will never ask you or your brother Nic to pay anything for it.'" Nick Anton testified: "He (plaintiff) asked me and him (Peter) how we would like to sign a note for father. We told him we had enough to do ourselves; that we did not like to sign anything for anybody else, because we did not want to pay anything as long as we did not get anything for it. He said, 'I will never trouble you fellows for it. I might get into a fix down there, and if I had a secured note I could put it in bank for a week or two, and borrow money on it, and I will pay it back again, and keep it in my possession, and after that I will never trouble you for it. It is just an accommodation; if you want to help me out, that is all right.'" Plaintiff moved to strike all that part of this evidence which says that plaintiff said he never would trouble them for the money, and would not require them to pay the note, upon the ground that the same was contradictory of

the terms of the written instrument. The motion was sustained, thereby leaving the defendants without any evidence to sustain the allegations of their answer, except that they were sureties on the note. The evidence shows without conflict that the note was executed in consideration of money loaned to John Anton, and not for a pre-existing debt. It was also alleged in answer that this cause had been previously adjudicated, but no evidence whatever was offered in support of this allegation. The several assignments of error resolve themselves into the single inquiry whether the court erred in sustaining plaintiff's motion to strike said evidence. The evidence stricken was that part which shows that plaintiff stated that he would never come back on these defendants for payment, and that they would not have to pay the note. Clearly, such promises were contradictory of the terms of the written instrument, and, under a very familiar rule, were not admissible in evidence in this action. In so far as the evidence tended to show that appellants were accommodation makers of the note, it was not stricken out; but it certainly fails entirely to support this defense. They signed the note given by their father for a loan made to him at that time, as securities for him. That plaintiff requested them to so sign that he might be able to use the paper in bank does not constitute them accommodation makers. Being sureties, they were liable upon the note, and there was no error in the action of the court. AFFIRMED.