[No. 1742.   Decided July 27, 1895.]

J. THEODORE GURNEY, *Respondent*, v. A. H. MORRISON *et al., Appellants.*

PAROL EVIDENCE — VARYING LIABILITY ON NOTE — DIRECTED VERDICT.

Where a written contract is full and clear in its terms, without any appearance of ambiguity, it will be presumed that all negotiations leading up to it are merged therein, and parol evidence is inadmissible to vary, alter or add to the terms of the contract as expressed in the written instrument.

In an action upon promissory notes the court is warranted in directing a verdict for plaintiff, although the defendants interpose the defense of release by subsequent contract, when the evidence thereof is of a vague and uncertain character and there is no showing of a consideration for such subsequent agreement.

*Appeal from Superior Court, Whatcom County.*

*Dorr, Hadley & Hadley,* for appellants.

*J. W. Rayburn,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Respondent brought this action to recover the amount due upon five promissory notes alleged to have been executed by the appellants. The execution of the notes was admitted by the answer, and by way of affirmative defense said answer set up the alleged fact that the notes were given for the purchase price of certain goods, that thereafter with the consent of all parties the goods were delivered to another party to whom the respondent agreed to look for his pay. From the undisputed testimony introduced at the trial, it appeared that at the time the notes were executed and delivered to the respondent and as a part of the same transaction, a contract was entered into between the respondent and the appellants, in which it was agreed that in consideration of the sum of $1,600 in cash and the future payment of the further sum of $4,800, to be secured by the execution of the notes in question, and other considerations, the respondent agreed to deliver to the Gurney Cab & Transfer Company of Bellingham Bay, composed of the appellants, certain personal property described in said contract. It further appeared from the undisputed proofs that, in pursuance of such contract, the property therein described was delivered by the respondent to said Gurney Cab & Transfer Company. A *prima facie* case on the part of the respondent against the appellants was thus fully established. This *prima facie* case was sought to be overcome by proof of an alleged understanding at the time of the execution of the notes and contract, to the effect that the transaction was for the benefit of, and to be carried

into effect by the Gurney Cab & Transfer Company of Bellingham Bay, a corporation to be thereafter organized; that the notes were given by the appellants only for the purpose of securing their co-operation in the organization of such corporation and were to have no binding effect against them after it had been so organized. Some testimony tending to establish this claim was introduced over the objection of respondent. Other testimony offered for that purpose was excluded and its exclusion is one of the errors relied upon by the appellants.

It was abundantly shown by the proofs, and in fact is admitted in the brief of the appellants, that the making of the notes and the contract above referred to, constituted but a single transaction. This being so, it must be presumed that all the negotiations between the parties up to and including the making of said notes and of the entering into said contract, were merged therein, and proof of any oral understanding or agreement between the parties, which would in any manner alter or affect the force of such notes or contract, was under well settled rules inadmissible, unless upon the face of said papers there was some ambiguity, to explain which it was necessary to understand the state of the negotiations between the parties at the time of their execution. The notes were in the usual form and in no way ambiguous. It is in the contract that such ambiguity must be found, if found at all. We have carefully examined its terms and are unable to find therein anything in the least degree uncertain or ambiguous. By its terms it is agreed upon the part of the respondent, that, for certain considerations therein named, he will assign certain franchises and deliver certain articles of personal property therein fully described, and its terms are so

direct and certain that it would not have been easy to have drawn a contract, which would have more clearly set forth the obligations of the respective parties. From the brief of appellants, it is not clear just what part of the contract is claimed to have been ambiguous, but we gather therefrom that such claim grows out of the fact that the respondent did not agree to deliver the goods to them, but to the Gurney Cab & Transfer Company of Bellingham Bay. It appeared upon the face of the contract that said Gurney Cab & Transfer Company was composed of the defendants, and therefore the agreement was to deliver the goods to the defendants under a certain partnership or corporate name. But even if the agreement had been to deliver the goods to a third party having no connection whatever with the defendants, that fact would not tend in any degree to make the language of the contract ambiguous.

In our opinion it was not competent for the appellants to introduce oral testimony as to any understanding or agreement, which would in any manner affect their liability as the makers of the notes in question, or upon the contract executed between them and the respondent before or at the time the notes and contract were made and delivered. For that reason the court rightfully instructed the jury to find a verdict for the respondent, unless there was proof tending to show an agreement between the respondent and the appellants subsequent to the making of the notes, by which they were released therefrom.

We have examined all the proofs contained in the record upon this question and are satisfied that the trial court was right when it held that it was not sufficient to authorize the question to be submitted to the

jury.   The proof of any such agreement, even between
the respondent and the appellants, was of such a vague
and uncertain character, that it might rightfully have
been entirely disregarded.   But even if it had suffi-
ciently established the fact that there was such an un-
derstanding as between the respondent and the appel-
lants, such agreement or understanding would have
been of no effect for the reason that there was no
consideration therefor.

It is contended in the brief of appellants that there
was proof tending to show that the corporation known
as the ,Gurney Cab and Transfer Company of Belling-
ham Bay, at the time of the alleged agreement, assumed
the payment of the notes and that such assumption
furnished a good consideration for the release of ap-
pellants, but we are unable to find anything in the
evidence which warrants any such contention.  · Not
only was there an absence of competent proof to estab-
lish the affirmative defense set up in the answer of ap-
pellants, but on the contrary all of the circumstances
surrounding the transaction, together with the testi-
mony of respondent, tended directly to disprove such
defense.  ·  If the security had been given only for the
purpose   stated · by appellants, it would have been
natural that the entire amount should have been put
in one note due at a certain time.   Instead of that we
find several notes, each  falling  due upon a different
day, which would be the usual course where part of the
consideration to be paid for goods furnished was to be
in cash and part in deferred payments.   In our opin-
ion all the testimony introduced, which in any degree
tended to show any other agreement than that evi-
denced by the notes and written contract, should have
been excluded.  It follows that there was nothing to

go to the jury upon the questions raised by such affirmative defense.

The respondent was therefore entitled to a directed verdict and the judgment rendered thereon must be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.