THE DOMINION NATIONAL BANK OF BRISTOL, VIRGINIA, v. ERNEST F. MANNING *et al.*

No. 11282.

PROMISSORY NOTE — *Certain Parol Evidence Inadmissible.* In a suit by a bank against the maker of a promissory note, parol evidence is inadmissible to prove that the note was executed for the purchase of stock in the bank but under an agreement that the transaction should be merely colorable; that the stock, although issued to the purchaser and retained by the bank as apparent collateral security to the note, should never in reality belong to the maker of the note, nor should he ever be called upon to pay the indebtedness represented by it.

Error from Cowley district court; W. T. McBride, judge.    Opinion filed July 8, 1899.    Reversed.

*J. E. Torrance*, for plaintiff in error.

*Madden & Buckman*, for defendants in error.

The opinion of the court was delivered by

Doster, C. J. :  This was an action brought by the Dominion National Bank of Bristol, Virginia, against E. C. Manning, to recover the amount claimed to be due upon two promissory notes — one for $2235, the other for $1500, with interest on both — and to foreclose a mortgage executed to the said E. C. Manning by one E. F. Manning, and which the former had assigned to the plaintiff as collateral security.   E. C. Manning denied liability on both notes except as to $230 of the larger one.   As to the remainder of that one, he claimed that it was a renewal of former notes which he had been induced to execute to the bank without consideration and under an agreement that notwithstanding their terms he should not be held to their payment.   His claim in substance was that the plaintiff bank was desirous that he appear to be one of its stockholders and act as one of its directors ;  that the president of the bank asked him to take stock in it,  agreeing to accept his notes for the stock, and agreeing that the dividends on the stock should be applied to the payment of the interest upon the notes ; that the transaction should be merely colorable ;  that the stock should never be in reality his, and that neither principal nor interest of the notes should ever be demanded of him:  To this he says he assented after some persuasion.    He executed his notes, was entered as a stockholder upon the books

of the bank, stock certificates were issued to him but never delivered, but in lieu thereof a receipt for them was issued to him and the certificates retained by the bank as collateral to his notes. Subsequently, the mortgage sued upon was likewise delivered to the bank as collateral to them. Objections were made to this evidence upon the ground of its being parol and in contradiction of the terms of the contract of indebtedness evidenced by the notes. These objections were overruled, and instructions predicated upon the theory of the admissibility of such evidence were given to the jury. The defense to the smaller note was that other securities belonging to E. C. Manning had been pledged as collateral to it, and that the bank had failed to use proper diligence in the collection of the collaterals, whereby they became wholly lost on account of the insolvency of the principal debtor. The jury found in favor of Manning upon both these defenses, and the plaintiff bank prosecutes error to this court.

The questions raised under the answer as to the negligence of the bank in failing to collect the securities collateral to the note of $1500 are wholly questions of fact. As to them the findings of the jury are conclusive upon us, and they need not be further noticed.

The claim of error in the reception of evidence contradicting the terms of the other note, and the instructions of the court countenancing the defense of non-liability upon it, are well taken. The rule is unquestioned that parol evidence is not admissible to control, add to, vary or contradict the language of a promissory note or other valid written instrument when sued upon by the payee or obligee named in it. (Whart. Ev., § 1058 ; Underhill, Ev., §§ 205, 206 ; *Milich v. Armour*, ante, p. 229, 56 Pac. 1.)

The defendant in error, however, cites *Higgins v. Ridgway*, 153 N. Y. 130, 47 N. E. 32, as establishing an exception to the rule. In that case the court held that where one makes a note to the order of a bank, at the request of the president of the bank, acting for it, and upon his assurance that the maker will not be held on the note, and will not be responsible for it, and delivers such note without receiving anything for it, such transaction constitutes a conditional delivery of a note, which may be shown on the trial of an action on the note by the bank against the maker, and is a good defense to such action. If the decision of that case were to be regarded as a sound exposition of the law, it is nevertheless distinguishable from the one before us. In that case, as more plainly appears from the opinion, the judgment of the court was rested upon the ground of lack of consideration. The maker of the note got nothing for it. In this case the maker of the note got something for it. He got certificates of stock ownership in the bank ; he got a contract from the bank — one that was enforceable against it. It is true that he does not seek to enforce it ; he does not desire to enforce it, but he could enforce it, and no court would tolerate in defense of an action by him upon it the same kind of claim by the bank which he now makes in opposition to the bank's suit upon his part of the contract. *Breneman v. Furniss*, 90 Pa. St. 186, is to the same effect as *Higgins v. Ridgway*, supra, and is alike distinguishable from this case.

One or two other claims of error are made, but a review of them is not necessary. The judgment of the court below is reversed, and a new trial ordered.