# B. F. DILLINGHAM v. M. F. SCOTT; KONA DEVELOPMENT CO., LTD., AND F. B. McSTOCKER, GARNISHEES.

## ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

ARGUED APRIL 13, 1909.                    DECIDED APRIL 21, 1909.

### HARTWELL, C.J., WILDER AND BALLOU, JJ.

BILLS AND NOTES—*accommodation paper.*

> The payee of an accommodation note having requested its execution for the purpose of paying a debt of a third party is under no implied obligation to reimburse the accommodation maker who has paid the note.

BILLS AND NOTES—*accommodated party.*

> An accommodation note having been made and endorsed for the purpose of paying the debt of a third party not named on the instrument, such third party is in contemplation of law the accommodated party to whom the credit has been loaned, and the testimony of the accommodation maker, knowing the use intended, that he signed at the request and for the accommodation of the payee cannot alter the status of the parties.

APPEAL AND ERROR—*decision of court, jury waived.*

> The decision of the judge of a circuit court, jury waived, being based upon the existence of an implied promise, this court, upon finding error, will not consider whether the testimony would have sustained a finding of an express promise, but will order a new trial.

### OPINION OF THE COURT BY BALLOU, J.

This case, brought up by defendant's writ of error, is an action of assumpsit to recover the sum of $1100 which the plaintiff as maker of an accommodation note was obliged to pay at the maturity thereof and which he seeks to recover from the defendant as the accommodated party. The circumstances of the execution of the note as shown by the evidence are as follows:

The Kona Sugar Co., Ltd., a plantation corporation, had become financially embarrassed and at the suit of some of its

creditors brought in the first circuit, had been placed in the hands of a receiver. The suit had been discontinued, but the court had refused to discharge the receiver, as his expenses, amounting to between $8000 and $10,000, had not been paid and the plantation was ordered sold to realize this amount. Defendant was not a stockholder of the corporation, but was an unsecured creditor for a large amount. Plaintiff was not connected with the corporation in any way but was the promoter of several other sugar plantations one of which in particular was seeking credit in San Francisco at the time. Defendant, together with others interested, busied himself in an endeavor to raise funds to pay the expenses of the receiver and thereby to obtain the receiver's discharge and avoid an immediate sale. Plaintiff had offered to be one of ten men to contribute $10,000 each to get the Kona Sugar Company out of its difficulties, meaning thereby, as he testifies, that he would put up the money as a business loan upon some security to be arranged later. This plan failed. Defendant and others succeeded in raising considerable money toward the payment of the receiver's expenses, the several contributions, whether by check or note, naming the defendant as payee. Defendant himself contributed about $3000. When the funds obtained lacked $1100 of the requisite amount defendant requested plaintiff, whom he had first met personally in an interview a few days previous, to make up the amount lacking. Plaintiff thereupon signed the note in question, payable to the order of defendant, and defendant endorsed it to H. Hackfeld & Co., Ltd., a creditor of the receiver. A representative of Hackfeld & Co., Ltd., thereupon accompanied the defendant into court and stated that its claim had been settled, and upon the settlement of other claims in open court the receiver was discharged forthwith. Three days later another suit against the corporation was filed in the third circuit under which the defendant was appointed receiver of the corporation. To what extent this was in contemplation of the parties at the time of the execution of the note is somewhat uncertain.

Plaintiff understood fully the use for which his note was to be put and testifies that he expected to be paid out of the proceeds of sugar then on the plantation which it was expected would be released upon the discharge of the receiver. The defendant also testified that this was the expectation, but when he was appointed receiver by the court of the third circuit the judge refused to allow the expenses of discharging the previous receiver as receivership expenses in his court so no money was available from this source. The Kona Sugar Company failed completely, its property being sold at receiver's sale and the plaintiff ultimately paid his note. Some months after the maturity of the note the plaintiff wrote the following letters which remained unanswered:

<div style="text-align: right">October 10, 1902.</div>

Mr. M. F. Scott,
<div style="margin-left: 2em">Receiver Kona Sugar Company,</div>
<div style="margin-left: 4em">Kailua, Hawaii.</div>

Dear Sir:—At your request, on March 25, 1902, I gave you a note for $1100.00, the same being an accommodation note to enable you to get the Kona Sugar Company out of the hands of Humphrey's Court. This note was made payable three months from date (March 25th) and the promise made to me was that it should be paid out of the first sugars forwarded from the plantation.

On my return from abroad, having merely made a memorandum of this note, I inquired if any word had been left of its payment and subsequently, yesterday, saw Messrs. Hackfeld & Company, who hold the note, and who informed me that it had not been paid.

I explained to them the circumstances under which the note was given and asked them to be good enough to see that the amount was paid on the receipt of the next shipment. As they have no instructions, perhaps, from you to that effect I would thank you to write them at once, as you will see that that obligation should have been cancelled ere this.

<div style="margin-left: 4em">Yours truly,</div>
<div style="margin-left: 6em">(Signed)　B. F. DILLINGHAM.</div>

Mr. M. F. Scott,                                 November 4, 1902.
   Kailua, Hawaii.

Dear Sir:—I wrote you a short time since calling your attention to the note which I gave you on the 25th of March and which you agreed would be paid out of the first sugar shipped to Messrs. Hackfeld & Co. I have received no reply to my letter and understand I may be called upon to pay that note. I enclose herewith your note to me for $1100.00 dated on the same date, maturing at the same time, as the one which I gave you, which should have been done at the time I gave you my note of accommodation, but presuming it was only a matter of form, that the note would be paid in a very short time, I did not request it. Please sign the enclosed note and return to me and try and have this matter adjusted at an early date and oblige.

                        Yours truly,
Enclosure 1.                  (Signed)        B. F. DILLINGHAM.

Mr. M. F. Scott,                                 January 2, 1903.
   Kailua, Hawaii.

Dear Sir:—Just prior to my departure for San Francisco, under date of November 4th last, I wrote you concerning the $1100.00 which I practically loaned you as an accommodation for a special purpose. I learn on my return that you have not acknowledged the receipt of the letter and therefore I am inclined to think the letter must have miscarried in some way. I have been called upon by Messrs. Hackfeld & Co. to pay the amount of the note and now I request you to make arrangement for immediate settlement of the same.

                        Yours truly,
                    (Signed)        B. F. DILLINGHAM.

At the trial plaintiff testified emphatically that he signed the note for the accommodation of the defendant and that he looked to him for repayment. At the close of the evidence the court said:

"I think the note clearly shows a clear, legal obligation against the defendant. It seems to me that it was his legal obligation that he assumed in signing the note. I therefore find that the plaintiff has made out his claim and is entitled to judgment according to the prayer of the complaint. Judgment

may be entered accordingly for the plaintiff against the defendant for the amount sued for."

We must regard this as expressing the reasons for the decision of the court. It is true that the statute (R. L. Sec. 1747) requires the decision to be in writing, but where, as appears in this case, the written "decision" is prepared by the attorneys for the prevailing party and appears on the record backed and endorsed in their office wrapper, it is plainly intended only as a formal compliance with the statute and will be given no greater weight.

The decision of the court if judged solely by the reasons given is clearly erroneous. Defendant did not sign the note but endorsed it, and so far as the note shows, the legal obligations of the parties are exactly the reverse of that stated. The admitted fact that the plaintiff was an accommodation maker would not necessarily alter the status of the parties for if the defendant was also an accommodation party the ultimate liability would be on the plaintiff, while the defendant having been compelled to pay the note could recover over against him. *Gillespie v. Campbell,* 39 Fed. 724, 5 L. R. A. 698.

The contention of the plaintiff, however, is that the defendant was the accommodated party, this having been testified to by the plaintiff, and the testimony being conclusive after a judgment, jury waived, in plaintiff's favor. Under such circumstances the obligation of the accommodated party to pay the accommodation party who has been compelled to take up the instrument arises by implication of law. The defendant contends that the question of who was the accommodated party is to be judged not by the assertions of the accommodation maker but by what was actually done and that the note having been intended by both parties and actually used for the payment of a debt of the Kona Sugar Company that corporation is in contemplation of law the accommodated party.

The question thus presented is whether the accommodated party on whom the law casts the obligation to reimburse the

accommodation party is necessarily the party whose debt is paid with the note or its proceeds or whether it may be shown by oral testimony to be some other party who requested the transaction to be made and who received an indirect benefit from it. It is evident that a person may be accommodated within a broad use of that term without being the accommodated party in the legal sense. The accommodated party has been defined as the one to whom the credit is loaned, but this definition merely results in a restatement of the question as to whether the testimony of the accommodation party as to whom he loaned his credit is decisive after verdict or whether in contemplation of law the credit has been loaned only, to the person who, in accordance with the understanding of the parties, receives the proceeds of the paper either directly or as a payment of an antecedent debt.

None of the cases cited bear directly upon this point, the peculiarity of the case at bar being that the request for accommodation did not come from the debtor, who was to receive the immediate benefit, but from the payee-endorser, so that we may assume that the maker, though with full knowledge of the use to which the note was to be put, was justified in assuming that he was accommodating, in the broad sense, the payee-endorser.

A case similar in some respects is *Lockwood v. Twitchell*, 146 Mass. 623, in which, according to the facts offered to be proved, the note was made at the request of one party to be used for the private purposes of the debtor. The court held that the note had been signed for the accommodation of the debtor, who in this case appeared as a co-maker of the note, and that in the absence of agreement the law would not imply a promise to indemnify the defendant by the person who had requested the defendant to sign from the mere fact of such request. In *Allman v. Anton*, 91 Ia. 612, the note was given for money loaned to one of the makers, and accommodation co-makers were not relieved of liability to the payee by the fact that payee had requested them to sign as "just an accommodation."

While the case appears to be a novel one, we are of the opinion that the accommodated party upon whom the law casts the implied obligation of reimbursing the accommodation party is the party who, in accordance with the prior understanding of the parties, receives the direct benefit from the accommodation paper or its proceeds, and that this result follows even though, as is by no means clear from the evidence in this case, the motive actuating the accommodation maker was wholly a desire to accommodate some other party requesting the loan of credit. In the case at bar the plaintiff was not loaning his credit to the defendant to be used by the defendant for his own purposes, and if the defendant had used the paper for any other purpose than to pay a receiver's debt of the Kona Sugar Co. it would have been a fraudulent diversion of the paper. The letters in evidence show that at the outset at least plaintiff looked for repayment to the proceeds of property of the plantation. The defendant equally with the plaintiff received no value in a legal sense for the use of his name as endorser. The plaintiff and defendant were both accommodation parties and the Kona Sugar Co., Ltd., was the accommodated party and the only party under implied obligation to reimburse the accommodation maker.

It is true that between accommodation parties, one of whom has paid the note, parol evidence of an express contemporaneous agreement that their liability shall be different from that expressed on the face of the paper is admissible and that plaintiff may recover on such express contract if proved. *Phillips v. Preston,* 5 How. 278; *Mansfield v. Edwards,* 136 Mass. 18. This is very different from the implied contract of the accommodated party and the case was apparently not tried and certainly not decided upon this theory. We therefore shall not pass in the first instance on the question whether the evidence would support a finding of such an express contract.

The judgment is reversed and a new trial ordered.

*R. B. Anderson* and *W. B. Lymer (Kinney, Marx, Prosser & Anderson* on the brief) for plaintiff.

*M. F. Scott,* defendant, in person.