## BAILEY v. LANKFORD, *Bank ·Com'r.*

No. 5054.    Opinion Filed January 18, 1916.

(154 Pac. 572.)

1. **APPEAL AND ERROR—Banks and Banking—Insolvency—Action by Bank Commissioner—Pleading—P e t i t i o n Deemed Amended.** A suit to collect a note which the Bank Commissioner has taken over as part of the assets of an insolvent bank should be brought in the name of the state on the relation of the Bank Commissioner; but, where suit is brought in the name of the Bank Commissioner, and no one can be prejudiced thereby, the petition will be treated as amended here.

2. **EVIDENCE—Contemporaneous Parol Agreement—Defense.** Allegations in answer that the parties made a parol agreement at the time the note was executed that the maker should not be bound to pay one-half the amount of the note does not set up a defense **pro tanto** in law.

3. **BANKS AND BANKING—Insolvency—Action by Bank Commissioner—Set-Off—After-Acquired Claims.** After a bank is declared insolvent and the Bank Commissioner has taken charge, a person indebted to the defunct bank cannot acquire by assignment the claims of other depositors and plead them as an offset against his own indebtedness.

(Syllabus by Hatchett, C.)

*Error from County Court, Kiowa County;*
*J. W. Mansell, Judge.*

Action by J. D. Lankford, Bank Commissioner, against S. D. Bailey. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*E. V. Rakestraw,* for plaintiff in error.

*O. B. Riegel,* for defendant in error.

Opinion by HATCHETT, C.   J. D. Lankford, Bank Commissioner, as plaintiff, after having declared the Bank of Snyder insolvent and taken possession of the same with its assets, instituted this suit against the defendant, S. D. Bailey, and set up six causes of action, the first being upon a promissory note for $350, interest and attorney's fees, alleged to have been given by the defendant to the Bank of Snyder on the 1st of March, 1911, and the other five upon checks drawn by the said S. D. Bailey against the said bank at various times which were paid by the bank. The defendant filed a demurrer to the petition, which the court overruled, and the defendant on the 8th day of November, 1912, filed an amended answer admitting the execution of the $350 note, but alleging that one George Benson owed the bank $350 and had deposited with the bank as collateral three shares of stock in the Safety Investment Company; that this defendant and the bank entered into an agreement to buy the three shares of stock, each to own a one-half interest therein, and the defendant, at the banks' solicitation, executed his note for $350 in lieu of the Benson note for that amount, and when that note became due the defendant renewed it. He admits his liability for one-half the amount of the note, and offers to pay that sum, but alleges that the agreement with the bank was that the note should not

bear interest, and he therefore denies any liability for interest or attorney's fees.

Defendant further answered to the cause of action on the checks that on the 16th day of December, 1910, he had on deposit at the bank $3,013.49, and from that date to April 3, 1911, he deposited $1,151.40, and says that before the bank closed he drew a number of checks against this deposit, but did not know the amount, and alleged "that, if said bank paid out of said deposit the face value of all said checks so issued, including those set out in the petition of plaintiff in his second, third, fourth, fifth, and sixth causes of action, then and in that case this defendant would have a balance on deposit to his credit in said bank," and asks that the books and canceled checks be brought into court, and that it be ascertained what the status of his account really was.

The defendant further alleged that after the bank became insolvent the Home Mercantile Company assigned its claim for $217.60, which was held as a deposit in the bank by defendant, and that the Safety Investment Company likewise assigned to the defendant its claim of $51.65, which it held as a deposit, and defendant asks that said amounts be set off against his indebtedness, and that he be given judgment for such amount as might be found due.

Thereafter the plaintiff filed a motion to strike from the amended answer the first defense as a whole, and the second defense as a whole, the third defense and set-off as a whole, and the fourth defense and set-off as a whole, because none of said defenses state facts sufficient in law to entitle the defendant to any relief, and also moved to strike the entire answer as filed. The motion

was sustained, the answer stricken, and judgment rendered for the plaintiff.

The defendant in error has filed a motion to strike the brief of the plaintiff in error because of the failure to comply with rule 25 (48 Okla. x, 137 Pac. xi) of this court, but we think under the liberal practice that there was a sufficient compliance for us to consider the brief of plaintiff in error, and therefore overrule the motion.

The first question presented is whether the trial court erred in overruling the demurrer to the petition. It set up three grounds: First, a defect of parties plaintiff; second, that the petition did not allege insufficient funds of the defendant in the bank to pay the checks; and, third, that the petition did not state a cause of action. We think the ruling of the court in overruling the second and third ground of the demurrer was clearly correct. As to the first ground, setting up a defect of parties plaintiff, it presents a more serious question. This court, in *State ex rel. Taylor v. Cockrell*, 27 Okla. 630, 112 Pac. 1000, held that the Bank Commissioner is a state officer, and the funds of a failed bank belong to the state, and in *Lovett et al. v. Lankford et al.*, 47 Okla. 12, 145 Pac. 767, held that a suit would not lie against the Bank Commissioner and the Banking Board, for the reason that it was in reality a suit against the state. Then, the state being the real party in interest in winding up the affairs of an insolvent bank and collecting the assets, we think that the suit should be brought in its name on the relation of the Bank Commissioner, but, as this suit was in reality brought and prosecuted for the benefit of the state, if this were the only error, we would follow the holding in *Dolezal, Co. Clerk, et al. v. Bostick, Co. Atty.*,

41 Okla. 743, 139 Pac. 964, and treat the petition as amended here.

The second question presented is whether or not, if the answer was insufficient, it could be attacked by motion to strike instead of demurrer. We think that a demurrer would have been the proper method of attacking the answer, but as to whether or not, if that were the only error, it would be sufficient to reverse the case, or whether this court would treat the motion as a demurrer, we express no opinion.

The third question presented is whether or not the answer set up a defense in whole or in part as to the note sued upon. While the answer does not allege whether the agreement between the defendant and the bank in regard to the $350 note was oral or in writing, yet we take it from the allegations of the answer and the manner in which the parties treated it in their brief that it sets up an oral agreement. We therefore will deal with it as such. The defendant says that he and the bank entered into an agreement to buy three shares of stock in another concern from one Benson, who owed the bank a $350 note, and that the defendant executed his note for $350 in payment of the note Benson owed the bank, and when the note became due he renewed it by executing another note for that sum, but that by agreement between him and the bank he was to pay only one-half of the note without any interest when the three shares of stock so purchased were divided and the business transaction settled up. We construe that to mean that the defendant is attempting to prove a parol agreement to the effect that he was not liable for one-half of the note. It seems to be well settled that that cannot be done. *Tacoma Mill Co. v. Sherwood et al.,* 11 Wash. 492, 39 Pac. 977. One

who signed a note cannot by parol prove an oral agreement that he should not be liable. *Colbert v. First Nat. Bank of Ardmore,* 38 Okla. 391, 133 Pac. 206; *Bryan v. Duff,* 12 Wash. 233, 40 Pac. 936, 50 Am. St. Rep. 889. A drawer is not permitted to show by parol that he was not to be held liable upon failure of drawee to pay. *Gurney v. Morrison et al.,* 12 Wash. 456, 41 Pac. 192; *Barnard v. Robertson,* 29 S. W. 697; *Burnes v. Scott,* 117 U. S. 582, 6 Sup. Ct. 865, 29 L. Ed. 991; *Bank v. Foote,* 12 Utah, 157, 42 Pac. 205; *Leonard v. Miller et al.,* 120 Cal. 403, 152 Pac. 655; *Bishop v. Dillard,* 49 Ark. 285, 5 S. W. 341; *Altman v. Anton,* 91 Iowa, 612, 60 N. W. 191; *Dominion Nat. Bank v. Manning,* 60 Kan. 729, 57 Pac. 949; 17 Cyc. 589, 593, and authorities cited. So we hold that that part of the answer set up no defense in law.

The next question presented is whether or not the defendant set up a defense as to the overdrafts. He alleges the amount on deposit prior to the time the bank was taken over by the commissioner, and says he does not know the amount of the checks which he drew against that deposit, but says that, if all of them had been paid out of his deposit, he would still have a balance left. He further alleges that the bank has refused to render him a statement, and he has no means of ascertaining the exact status of his account. We think these allegations set up a sufficient state of facts to entitle the defendant to a trial, and the court erred in striking out that part of the answer.

The next question presented is whether the defendant, having acquired by assignment after the bank's insolvency the claims of two depositors, can now set them

up as against his indebtedness to the bank. It is true that, when a bank becomes insolvent and is taken over by the Bank Commissioner, any one being sued can offset against an indebtedness which he owes the bank any other indebtedness which the bank owes him. 5 **Cyc.** 570, and *Briscoe v. Hamer et al.*, 50 Okla. 281, 150 Pac. 1101. But, when the insolvency is declared and the Bank Commissioner takes charge of a bank and its assets, the status of all parties is at that time fixed, and any person who owes the bank cannot by assignment secure claims of other persons and offset them against his indebtedness. This proposition seems to be well established by the authorities, and we think it is sound. 5 Cyc., and list of cases there cited.

The last question presented is whether the answer asked for affirmative relief beyond the jurisdiction of the county court, and, if so, whether or not it should have been stricken, or whether, if its allegations had been established by the proof, it would have served only to defeat the action of the plaintiff. We have carefully read the answer and the respective briefs, and do not think that the answer asked for relief beyond the jurisdiction of the court.

Having arrived at the above conclusions, we recommend that the judgment of the lower court be reversed, and the cause remanded for further proceedings in accord with this opinion.

By the Court: It is so ordered.