GREAT BARRINGTON SAVINGS BANK *vs.* W. TAYLOR DAY.

Berkshire.   September 17, 1934. — October 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Bills and Notes,* Accommodation paper, Consideration. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Ordering verdict.

Evidence, at the trial of an action upon a promissory note by the payee against one of the makers, that the defendant, an attorney who acted for the plaintiff in certain transactions, applied to the plaintiff in behalf of the other maker for a loan, which was refused; that later the plaintiff stated that if the defendant would sign the note as an accommodation maker for the plaintiff and would attend to the application of the proceeds in the manner desired by the plaintiff, the loan might be made; that the defendant signed the note as a result of the request and extended his credit to the plaintiff and not to benefit the other maker, who did not request the defendant to sign the note; that a check for the amount of the note was made payable to the defendant and was indorsed by him; and that subsequently the defendant, at the request of the plaintiff, secured judgment for the plaintiff on the note against the other maker, which judgment was not paid, warranted a finding that the defendant signed the note without consideration and for the accommodation of the plaintiff; and it therefore was error to order a verdict for the plaintiff.

CONTRACT. Writ in the District Court of Southern Berkshire dated March 28, 1931.

Upon removal to the Superior Court, the action was tried before *W. A. Burns*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the plaintiff in the sum of $3,892.75. The defendant alleged exceptions.

The case was submitted on briefs.

*F. H. Wright*, for the defendant.

*F. J. Brothers*, for the plaintiff.

CROSBY, J. This is an action of contract to recover upon a promissory note, payable to the plaintiff on demand and signed by Warren H. Davis, Frank A. Minkler and the defendant, as makers in that order. The defendant's answer is a general denial and a denial of the genuineness of the signature, and an averment that the defendant was an accommodation party. The defendant further answered that if he signed the note he did so as an accommodation party and that the party accommodated was the plaintiff.

There was evidence tending to show that in 1920 a note in the sum of $3,000 was given to the plaintiff which was signed by the three persons above named; that a check for that amount was drawn by the plaintiff to the order of the defendant and indorsed by him. The note was renewed several times, each of the three parties thereto signing each renewal, and, the note not being paid upon demand, this action was brought.

The defendant offered evidence tending to show that in the year 1920 the defendant, an attorney at law, made application to the plaintiff for a loan to one Davis upon real estate secured by a mortgage. The loan was declined, and thereafter the president of the plaintiff stated to the defendant that the reason for the refusal to make the loan on the real estate was that lumber was to be taken from the property, which would reduce the value thereof, but that the bank was willing to assist Davis and could make a loan to him on a personal note. The defendant did nothing further as a result of any employment by Davis. He was at that time also acting as attorney for the bank in certain other transactions. The president of the bank then asked the defendant to sign the note with the other parties thereon, stating that the defendant was acting as attorney for the

bank, and that he wanted the money lent to be applied in accordance with the original application for a real estate loan and desired the defendant to attend to it.   The defendant testified that the then president of the bank said that if he would sign as an accommodation maker to the bank and attend to the application of the proceeds the loan might be made, and that he did so as the result of the request and extended his credit to the bank and not to benefit Davis. Upon cross-examination he testified that he understood his liability on such a note; that he made no effort to vary the note despite several renewals thereof, nor did he at any time seek to fix his personal position; that as he understood it, there was no liability on his part when he was acting at the request of the bank; "that he could not say why he did not stipulate that in the note, that it might have been a careless transaction."   He further testified that the then president of the bank brought the note to the defendant at his office and the note had then been signed by the other parties.   There was further testimony tending to show that neither Davis nor Minkler ever asked the defendant to sign the note; that he had nothing to do with any application for the personal loan which was finally made; and that the plaintiff did not in this transaction request any financial statement from the defendant for credit purposes, as it did in another transaction several years afterwards.   There was evidence that the note was renewed annually until 1927.   The vice-president of the plaintiff requested the defendant to take action against Davis toward the collection of the note, and thereafter the defendant caused Davis to come before the board of investment of the bank from time to time and make proposals for securing or paying it.   None of the proposals was accepted by the plaintiff and the vice-president then instructed the defendant to bring suit.   The defendant in accordance with such instructions brought an action against Davis and secured a judgment against him, and an execution was issued on the judgment which is still outstanding and unpaid.   After the decease of the plaintiff's president demand was made upon the defendant for payment of the note, and thereafter this action was brought.

At the close of the evidence the plaintiff filed a motion requesting the trial judge to direct the jury to return a verdict for the plaintiff upon the ground that the plaintiff had established a *prima facie* case upon the evidence and the defendant had not interposed a legal defence. The motion was allowed, and at the direction of the judge the jury returned a .verdict for the plaintiff in the sum of $3,892.75 as damages. The defendant excepted to the allowance of the motion.

We are of opinion that upon the entire evidence it was not proper to grant the motion. G. L. (Ter. Ed.) c. 107, § 52, recites: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor or endorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." The defendant in his amended answer alleges that, if he executed the note, "he did so as an accommodation maker and the plaintiff was the party procuring said execution and was the party accommodated." If the jury believed the testimony of the defendant, it could have been found that the defendant signed the note at the request and for the accommodation of the plaintiff and that it was without consideration. "It is a good defence to show that there was no consideration, and that the promise was a mere gratuity." *Corlies* v. *Howe,* 11 Gray, 125, 127. *Goodman* v. *Gaull,* 244 Mass. 528, 530. Between the accommodation party and the person accommodated there is no such liability as exists between an accommodation party and holders in due course, and one who draws or indorses commercial paper for the accommodation of another is not liable on it to him, whatever their apparent relation upon the paper may be. *Bird* v. *Daggett,* 97 Mass. 494. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 605. The defendant testified that he signed the note at the request of the plaintiff's president as an accommodation maker to the bank, and that he did so as a result of such

request and extended his credit to the bank and not to benefit Davis. This statement was not contradicted or controlled by any evidence offered by the plaintiff, and if believed by the jury the plaintiff would not have been entitled to recover. It follows that a verdict could not properly have been directed for the plaintiff.

Where upon the entire evidence the facts are not in dispute the judge may properly direct a verdict for the plaintiff upon a ruling of law. *Graves* v. *Apt,* 233 Mass. 587. But where, as in the case at bar, the entire evidence was open to more than one conclusion, a verdict cannot rightly be ordered. *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163, 166. Where material facts are in dispute the case must be submitted to the jury. Although the trial judge might feel that the evidence establishing a certain fact was so overwhelming that a verdict disregarding it ought not to be permitted to stand, still it would be his duty to submit the question of fact to the jury. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 454.

As the motion for a directed verdict should have been denied and the case submitted to the jury, the entry must be

*Exceptions sustained.*