Parker, J.
This is an action of contract in which the plaintiff seeks to recover upon a promissory note signed by George Markakis, Jennie Markakis and Basilios Fokas. George Markakis having deceased, this action is brought against Eugenia McKrakas, alias Jennie Markakis, and Basilios Fokas only. The defendant McKrakas, alias- Markakis, defaulted and this appeal is taken by the defendant Fokas.
The defendant’s answer was; (1) a general denial; (2) an allegation that he signed the note at the request of the plaintiff; (3) no -consideration; (4) a denial of the existence of the plaintiff icorporation. An amended answer which was allowed set up the Statute of Limitations, and a claim of no -consideration since the plaintiff was the accommodated party.
*55 At the trial there was evidence tending to show that Frank Berardi was the treasurer of the plaintiff corporation, and the manager in charge of its loan business which was conducted under the Small Loans Act; that the defendant Fokas -came to the plaintiff’s office with the defendant McKrakas and her husband, and introduced them to Berardi ; thereupon Mr. and Mrs. McKrakas stated that they desired to secure a loan. Berardi had had previous business dealings with the defendant Fokas and knowing that he was reliable, he said to Fokas, “Will you sign this note?” Fokas agreed; whereupon both Mr. and Mrs. McKrakas and Fokas signed the note which Berardi witnessed. Berardi stated that he granted the loan on the strength of the defendant’s signature. Berardi was the only witness who testified at the trial, and following his testimony both parties rested.
At the close of testimony and before final arguments, the defendant filed four requests for rulings of law, which, with the action of the Trial Court thereon, are as follows:
“1. Upon all the evidence there is sufficient evidence to warrant a finding for the defendant. Given * 2. Where the defendant signed the note in question at the request of the plaintiff, the plaintiff is the accommodated party and cannot recover from the defendant. Great Barrington Savings Bank vs. Day, 288 Mass. 181. Denied. I do not find that the plaintiff is the accommodated party. 3. Where the defendant signed a note after the plaintiff’s employee had witnessed prior signatures, the previous signature of the employee does not constitute a witness of the defendant’s signature. Immaterial, as I do not find that the defendant signed the note after plaitirtiff’s employee had, witnessed prior signatures. 4. Payment by other comakers does not prevent the Statute of Limitations from running in favor of another co-maker. 308 Mass. *56 476, Gen. Laws, Chap. 260. Immaterial. I find that this is a witnessed note and action was commenced within twenty years of its accrual.”
The plaintiff waived all claim for interest in open court.
The Trial Court found for the plaintiff and assessed damages in the sum of two hundred and thirty-three dollars.
The defendant contends that inasmuch as the Trial Judge allowed his requested ruling #1, — which was, “Upon all the evidence there is sufficient evidence to warrant a finding for the defendant,” — he should have made a general finding for the defendant; whereas he found for the plaintiff and assessed damages of two hundred and thirty-three dollars. The action of the Trial Judge may appear non sequitur, but it is not illogical to give a ruling at the request of one party and to find generally in favor of the other party upon consideration of the evidence. The cases of Strong v. Haverhill Electric Co., 299 Mass. 455; Marquis v. Messier, 303 Mass. 553; and Liberatore v. Town of Framingham, 315 Mass. 538 are pertinent authorities for such procedure.
With reference to the defendant’s requested ruling #2, dealing with the subject of an accommodation maker, it is to be noted that the Trial Court has found that the plaintiff is not the accommodated party. Such a request constituted a question of fact, and the finding is not to be disturbed if justified by the evidence. See Leonard v. Woodward, 305 Mass. 332. The testimony is undisputed that the defendant F'okas went to the loan office of the plaintiff with Mr.- and Mrs. McKrakas for the purpose of introducing them, so that they might secure a loan. The entrance of the defendant into- the plaintiff’s office was voluntary and for the benefit of Mr. and Mrs. McKrakas. Mr. and Mrs. McKrakas- signed as individuals and as joint and co-makers a note which, at the plaintiff’s request, Fbbas also signed. The defendant’s conduct was wholly to assist Mr. and Mrs: *57 McKrakas in obtaining a loan, and by signing the note he accommodated them and not the plaintiff.
The defendant relies upon the case of Great Barrington Savings Bank v. Day, 288 Mass. 181, but we think that the facts in that ease distinguish it from the instant suit. In the Savings Bank case “the defendant testified that he signed the note at the request of the plaintiff’s president as an accommodation maker to the bank, and that he did so as a result of such request and extended his credit to the bank and not to benefit Davis. This statement was not contradicted or controlled by any evidence offered by the plaintiff, and if believed by the jury the plaintiff would not have been entitled to recover. ’ ’
In Lockwood v. Twitchell, 146 Mass. 625, it was held: “To sustain the defence that a note was signed for the accommodation of the plaintiff, it must appear that it was given for his benefit, and upon an express or implied promise that he would hold the maker harmless on the note. If it have this character, .then, as between the plaintiff and defendant, it is without consideration.
With respect to the defendant’s requests '#3 and #4, the Trial Justice has ruled that they are immaterial, which ruling we feel is justified. Furthermore, we observe that the defendant’s counsel does not mention the third and fourth requests in his brief.
There being no prejudicial error, the report is to be dismissed.

 The trial court’s rulings and findings on each of the defendant’s requests for rulings are printed in italics following the request.