ELIZA P. HUNTINGTON *vs.* CHARLES S. SHUTE & another.

Suffolk.     November 21, 1901. — January 4, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Bills and Notes. Evidence,* Burden of proof.

The words "value received" in a promissory note do not affect the rule that the burden of proof is on the plaintiff suing on a note to show that it was given for a valid consideration.

CONTRACT on a promissory note. Declaration filed July 3, 1900, under a decree of the Superior Court changing a suit in equity into an action at law as to these defendants.

At the trial in the Superior Court, before *Hopkins,* J., it appeared, that the note was as follows : " $750.00. Boston, Mass., April 21, 1898. One year from date on demand we promise to pay to the order of Eliza P. Huntington seven hundred and fifty dollars. Value received. Interest at $3\frac{1}{2}$ per cent per annum. Charles S. Shute. Rosetta E. Shute."

The defence was want of consideration. The judge instructed the jury that the words " value received " incorporated in the note were equivalent to a declaration and admission on the part of the defendants that they had received full value, and that where as here the makers had admitted consideration in the note itself, the burden of proof was on the defendants, the makers of the note, to show that there was no consideration.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*E. B. Powers & D. L. Smith,* for the defendants.
*J. W. Titus,* for the plaintiff.

LATHROP, J. The rule is well settled in this Commonwealth that, in an action on a promissory note, the burden of proof is upon the plaintiff to establish the fact that it is given for a valuable consideration. While the production of the note, with the admission or proof of the signature, makes a *prima facie* case, yet if the defendant puts in evidence of a want of consideration, the burden of proof does not shift, but remains upon the plaintiff, who must satisfy the jury, by a fair preponderance of the evidence, that the note was for a valid consideration. *Morris* v. *Bowman*, 12 Gray, 467. *Estabrook* v. *Boyle*, 1 Allen, 412. *Smith* v. *Edgeworth*, 3 Allen, 233. *Perley* v. *Perley*, 144 Mass. 104.

It does not appear from the reports of these cases whether the note declared on in each contained the words " value received." These words, however, were in the note in suit in the case of *Delano* v. *Bartlett*, 6 Cush. 364, but the case was decided on the general rule. See also *Noxon* v. *De Wolf*, 10 Gray, 343, 346; *Simpson* v. *Davis*, 119 Mass. 269.

We can see no reason for changing the rule so well established, merely because the note contains the words " value received."

*Exceptions sustained.*