GEORGE L. AIKEY *vs.* CHARLES G. GARDNER & others,
executors.

Hampden.    September 21, 1922. — November 14, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Consideration, Validity.    *Pleading, Civil,* Answer, Waiver of
defect in pleading.    *Practice, Civil,* Waiver of defect in pleading.    *Waiver.*

In an action by the payee against the executor of the will of the maker of an
alleged promissory note for $19,000, the defendant in his answer denied the
making of the note, denied that the testator ever signed it and alleged that
there was no consideration for it.    The plaintiff's evidence tended to show that
the note was given in renewal of three notes formerly given the plaintiff by the
same maker and a sum of $127.65 paid by the plaintiff to the defendant to
make up the sum of $19,000.    The plaintiff testified in cross-examination as
to the source from which he procured the money which he alleged he paid to
the maker as accommodation for the original notes and, in substance, that if
he did not get the money from those sources, he paid nothing to the maker
for them.    There was evidence that he did not get any money from those
sources and that the three former notes were void for lack of consideration.
No question of pleading was raised at the trial.    The plaintiff asked for a
ruling, "If the note in suit was executed by the defendant's testator, and
delivered in its present form, and the consideration therefor was the surrender
of three former notes given by said testator to the plaintiff and a sum of
money, the plaintiff is entitled to recover the amount of the note in suit and
interest thereon, although the notes so surrendered may have been without
consideration."    The ruling was refused.    The judge charged the jury, with-
out exception by the plaintiff, in substance that their verdict must be for the
plaintiff in the sum of $19,000 and interest or a verdict for the defendant; and
that if the plaintiff did not receive the amount of the alleged consideration of
the original notes from the sources that he said he received it, and pay it to
the maker, he could not recover.    The jury found for the defendant.    *Held,*
that

(1) If the only consideration for the note in suit was the preceding notes
and they were void for want of consideration, the note in suit would be void
and without consideration;

(2) Although by G. L. c. 107, § 51, a partial failure of consideration is a
defence *pro tanto* between maker and payee and although, if there was some
valid consideration, the plaintiff might recover that amount even if the original
notes and their renewals were without consideration, the question of the plain-
tiff's right to recover for that part of the consideration which was found to be
valid, if any, was not raised by the record because of the instruction given by
the judge without exception by the plaintiff;  .

(3) No question of pleading having been raised at the trial, the question,

whether a partial want of or a partial failure of consideration was sufficiently alleged in the answer, was not open on this record.

At the trial of the action above described, it was proper to instruct the jury, "Unless the jury are satisfied by a preponderance of the entire evidence that the defendant's testator actually and in fact agreed to pay the plaintiff the amount of the note in suit, the verdict must be for the defendants."

At the trial above described, there was evidence tending to show that, when the testator signed the paper, no such instrument as the note declared on was upon it and the jury properly were instructed that, if the maker's signature were procured by deception or fraud, or if, after his signature, what he signed was altered in any material particular, or if he did not "actually and in fact" agree to pay the alleged note, the verdict must be for the defendant.

CONTRACT upon a promissory note alleged to have been given to the plaintiff by Dwight O. Gilmore, the defendants' testator. Writ dated January 20, 1919.

The note read as follows:

"$19000.00                    Springfield, Mass., January 1st, 1914.

"On demand I promise to pay to George L. Aikey or order the sum of Nineteen Thousand Dollars at 4½ per cent, payable at my office, value received. This note is given in renewal of several smaller notes.                                        D. O. Gilmore

Ira S. Stafford
    Witness"

The defendants' answer was as follows:

"And the defendants come and answer as follows:

"They deny that their testator, Dwight O. Gilmore, made the promissory note described in the plaintiff's declaration and they expressly deny that Dwight O. Gilmore ever signed said note, and they demand that the plaintiff prove the genuineness of the signature to said note at the trial of this case.

"And further answering the defendants say that there was no consideration for the note described in the plaintiff's declaration and the plaintiff gave no value whatever therefor to said Dwight O. Gilmore.

"And further answering, the defendants expressly deny that the alleged promissory note, referred to in the plaintiff's declaration, was ever executed as such promissory note by the defendants' testator, and expressly deny that defendants' testator ever made, delivered or negotiated to the plaintiff the instrument

described and referred to in the plaintiff's declaration as a promissory note."

The action was tried before *Bishop,* J. Material evidence is described in the opinion.

At the close of the evidence, the plaintiff asked for the following ruling:

"3. If the note in suit was executed by the defendants' testator, and delivered in its present form, and the consideration therefor was the surrender of three former notes given by said testator to the plaintiff and a sum of money, the plaintiff is entitled to recover the amount of the note in suit and interest thereon, although the notes so surrendered may have been without consideration."

The ruling was refused.

The following requests for instructions, presented by the defendants, were given by the judge subject to exceptions by the plaintiff:

"2. Unless the jury are satisfied by a preponderance of the entire evidence that the defendants' testator actually and in fact agreed to pay the plaintiff the amount of the note in suit, the verdict must be for the defendants.

"3. Unless the jury are satisfied upon the entire evidence that the plaintiff did in fact loan to the defendants' testator in the aggregate the sum of $11,000, the verdict must be for the defendants.

"4. The burden is upon the plaintiff to establish by a fair preponderance of the entire evidence that the loans of money as claimed by the plaintiff and testified to by him in answers to interrogatories were in fact made by the plaintiff to the defendants' testator, and unless the plaintiff shall have sustained this burden, the verdict must be for the defendants.

"5. The alleged note with the signature of the defendants' testator attached is only *prima facie* evidence of the obligation so appearing and may be rebutted and overbourne by the actual evidence in the case. The presumption attaching *prima facie* to the instrument is of no consequence if upon the whole evidence the jury are not satisfied that there was actual consideration for the note as claimed by the plaintiff. And further that defendants' testator actually and in fact agreed to pay the alleged note.

"6. Unless the jury are satisfied upon the entire evidence that actual consideration in the amount claimed in testimony by the plaintiff as having been loaned to the defendants' testator was in fact given for the alleged note, the verdict must be for the defendants.

"7. Unless the jury find that the testator's signature was affixed to the alleged note with the intention of the testator to be bound by its obligations as now appears thereon, the plaintiff cannot recover.

"8. If the jury find the testator's signature was secured to the instrument by deception or by concealment of its purport, then the plaintiff cannot recover.

"9. If the jury find that after the signature of the testator thereto the instrument in suit was altered in any material particular, then the plaintiff cannot recover and the verdict must be for the defendants.

"10. The burden remains on the plaintiff throughout the case to prove by a fair preponderance of the evidence not only that the alleged note was in fact executed as a note by the defendants' testator but that it was given for a valid consideration. And, as it is claimed by the plaintiff and recital in the instrument that the real consideration for the alleged note in suit was the amount of certain pre-existing notes with accrued interest thereupon, the burden is also upon the plaintiff to prove by a fair preponderance of the evidence that the alleged pre-existing notes were in fact in existence and themselves given for a valid consideration.

"11. Unless the jury find that the alleged precedent notes, which with the interest accrued thereon as claimed by the plaintiff, formed the consideration for the alleged note in suit were in fact valid existing notes, and based upon a valid consideration, the plaintiff cannot recover in this action.

"12. As matter of law, by reason of the form and recitals embodied in the alleged note in suit the plaintiff cannot recover in this action unless the alleged pre-existing notes, in renewal of which the alleged note in suit purports to have been given, were themselves valid notes based upon valid consideration therefor, in money or its equivalent, loaned by the plaintiff to the defendants' testator.

"13. As matter of law, by reason of the tenor and recitals of

the alleged note in suit the only consideration to support that note consisted of pre-existing valid notes based upon the actual consideration of money or its equivalent loaned therefor by the plaintiff to the defendants' testator, and unless the jury find by a fair preponderance of the evidence that the plaintiff did loan money or its equivalent to the defendants' testator as consideration for such pre-existing notes for which the alleged note in suit purports to be a renewal, the plaintiff cannot recover in this action and the verdict must be for the defendants.

"14. Unless the jury are satisfied by a fair preponderance of the evidence, and the burden to establish this is always upon the plaintiff, that the plaintiff loaned to the defendants' testator the sums of money in the original aggregate of $11,000, the plaintiff cannot recover in this action."

"16. The burden is upon the plaintiff to establish by a fair preponderance of the evidence that the alleged note in suit was in the form in which it now appears executed by the defendants' testator without any material alterations.

"17. The alleged note in suit does not in and of itself constitute a contract but the burden is upon the plaintiff to establish by the evidence that a contract as recited in the instrument was in fact and in truth entered into by the parties.

"18. If the jury find that the consideration for the alleged note in suit was the renewal of former notes, then unless the jury also find that three alleged former notes were given for the aggregate of $11,000 in money by the plaintiff to the defendants' testator, there was no consideration for the alleged note in suit because of no consideration for the alleged promissory notes and the verdict must be for the defendants."

The jury found for the defendants; and the plaintiff alleged exceptions.

*W. G. Brownson*, for the plaintiff.

*H. Parker*, (*F. G. Wooden & E. H. Hewitt* with him,) for the defendants.

CARROLL, J. The plaintiff's action is in contract against the executors of the will of Dwight O. Gilmore, to recover on a promissory note dated January 1, 1914, payable to the plaintiff and alleged to have been delivered to him by Gilmore. The note was payable on demand and purported to have been "given

in renewal of several smaller notes." The jury found for the defendants. The defendants' answer denied the signature of the defendants' testator, alleged want of consideration, and denied that the alleged note was ever delivered as a promissory note.

The plaintiff testified that at the time of receiving the note in suit, he held three notes of the defendants' testator, that when the three notes were surrendered he paid Gilmore $127.65, which sum, with that due on the three notes amounted to $19,000, the principal of the note involved in this action. The main question in the case arises from the refusal of the trial court to instruct the jury as requested by the plaintiff, that "If the note in suit was executed by the defendants' testator and delivered in its present form and the consideration therefor was the surrender of three former notes given by said testator to the plaintiff and a sum of money, the plaintiff is entitled to recover the amount of the note in suit and interest thereon, although the notes so surrendered may have been without consideration."

The plaintiff's evidence was that he loaned the testator in January, 1899, the sum of $7,000 upon a promissory note then made and delivered to the plaintiff by the testator; that on January 1, 1903, he loaned the testator $2,000 upon a promissory note made and delivered by the testator and payable to the plaintiff; that on January 1, 1907, he loaned the testator $2,000 upon a promissory note so made and payable.

The plaintiff testified that he received the sum of $8,700 from one Duncan, from one Chase the sum of $300, from his brother Fred Aikey, the sum of $1,400, and from one Desautels the sum of $600, and that from these sources the funds loaned to Gilmore were derived; that the three original notes were renewed, and at the time of the making of the note in suit he held three notes of the testator, one for $11,400 with accrued interest, representing through renewals the note of $7,000, one for $2,600 with accrued interest, representing the first original note for $2,000; and one for $2,600 with accrued interest, representing the second original note for $2,000. The plaintiff claimed that he had in fact loaned such sums of money to the testator and that the notes and actual debt thus represented, together with the added $127.65, were the sole consideration for the note of $19,000. He testified that the consideration for the note of $7,000 was money paid him by

Duncan, and that unless he received the money from Duncan there was no consideration for this note of $7,000; that the consideration for the first note of $2,000 was money received from Duncan and C. P. Chase; that $1,700 came from Duncan; and in answer to the question, "there was no $1,700 unless it came from Duncan?" he replied, "Well, no — that is true." And further testifying he said: "Unless I got the money from Duncan it couldn't have been paid to Gilmore." Referring to the recital in the note, "This note is given in renewal of several smaller notes," the plaintiff testified that he intended that this phraseology should truly and fully represent the transaction; and he further testified that he asked Mr. Gilmore in December, 1913, if he would be willing to consolidate the notes into one note; that he had figured the interest on the three notes; that the amount then due was a little less than $19,000; that the $127.65 paid Gilmore was added for the purpose of making the note exactly $19,000; that the note was $19,000 other than some other sum because it would be more convenient to figure interest and make even numbers.

The judge in the course of his charge to the jury, used this language: "As I understand and as I remember the testimony — and of course your recollection, gentlemen, and not the recollection of counsel nor the recollection of the court, governs, — but as I remember the testimony, Mr. Aikey says, 'If I did not receive $7,000 from Duncan at the time the first note was given me by Gilmore, and if I did not afterwards receive $1,700 more from Duncan and $300 more from the Chase estate, if I did not receive still later $1,400 from my brother Fred and $600 from Mrs. Desautels, then there was no consideration for these notes.' The earlier notes would fall, and therefore this note would fall." No exception was taken by the plaintiff to the judge's charge.

The plaintiff in answer to interrogatories stated that $1,700 was paid to him by Duncan in December, 1902; that such payment was made in Springfield. At a former trial of the case he stated that Duncan was in Springfield in 1902. There was evidence by letters written by Duncan and postmarked in California, and by a witness called by the defendant, that Duncan was in Alameda, California, during the whole winter and spring of 1902 and 1903; and the bank account of Duncan showed that between the years

1896 and 1904 his aggregate deposits amounted to $9,213.59, and that only once during this period did he draw as much as $1,000, and his property at his death was found to consist of cash in the sum of $4,000. Among his papers no trace of any transaction with the plaintiff was found. The testator's record book which, he stated to one of the defendants, contained a record of his outstanding notes of 1897 to 1918, contained no reference to any note or obligation of the plaintiff. There was evidence tending to show that the body of the instrument in suit had been written above the signature of the testator and that no such instrument was on the paper when the signature was written; and the defendants introduced evidence tending to refute the plaintiff's testimony that he had ever loaned the intestate any money.

In our opinion the plaintiff's third request was refused properly. If this request were given the jury could have found for the plaintiff in the full amount of the note for $19,000 and interest, if the sum of $127.65 was paid by the plaintiff to Gilmore, although the preceding notes were without consideration and invalid. If the only consideration for the note in suit was the precedent notes and they were void for want of consideration, the note in suit would be void and without consideration. *Chenery* v. *Barker*, 12 Gray, 345, 346. In this Commonwealth the defence of a partial want or a partial failure of consideration is open at common law to the maker of a note when sued by the payee. The maker can show that a part of the original consideration has failed or never in fact existed; as expressed by Shaw, C. J., in *Parish* v. *Stone*, 14 Pick. 198, at page 208: "Had the note been taken for two distinct liquidated sums, consolidated, and the consideration had been wholly wanting, or wholly failed as to one, it seems quite clear, that according to well established principles, supported by authorities, the note, as between the original parties, and all those who stand in such relation, as to allow the defence of want of consideration, it would be competent to the court to apportion the note, and consider it good in part, and void in part, and to permit the holder to recover accordingly." *Hubbard* v. *Chapin*, 2 Allen, 328, 330. *Bond* v. *Fitzpatrick*, 4 Gray, 89, 93. *Earle* v. *Reed*, 10 Met. 387. *Howard* v. *Ames*, 3 Met. 308. And by statute a partial failure of consideration is a defence *pro tanto* between maker and payee. G. L. c. 107, § 51. If the original

notes and their renewals were without consideration and formed a part of the entire consideration for the note sued on, to this extent there was no consideration for the note, and the plaintiff could recover only to the extent of the valid consideration. The plaintiff testified that the entire consideration was the notes and the money paid, that the precedent notes were given him for money due him from Gilmore, and that the recital in the note "value received. This note is given in renewal of several smaller notes," was intended to represent truly the transaction. If the jury found that the earlier notes were void, they could not have found that the entire amount of the note with interest was due the plaintiff.

The question of the plaintiff's right to recover for the money advanced does not arise on this bill of exceptions. The jury were instructed that their verdict must be for the plaintiff in the sum of $19,000 and interest or a verdict for the defendant; and that if the plaintiff did not receive the $11,000 from the sources he says and pay it to Gilmore, he could not recover. To these instructions the plaintiff did not except, and he cannot now complain that he was entitled to recover on the notes to the extent of the money he claims was paid, at the time the final note was delivered.

Neither is the question, whether a partial want of or a partial failure of consideration is sufficiently alleged in the answer, open on this record. No question of pleading arose at the trial and the attention of the court was not directed to the pleadings in the case. See *Ryder* v. *Ellis*, 241 Mass. 50; *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70.

Certain requests of the defendants for instructions were given by the court, to which the plaintiff excepted. There was no error of law in giving the second request. The plaintiff could not recover unless the defendants' testator agreed to pay the amount of the note in suit according to its terms and tenor. The defendants in their answer denied that the alleged promissory note was ever executed "as such promissory note by the defendants' testator," and there was evidence tending to show that when the testator signed the paper, no such instrument was upon the paper. Under these circumstances requests numbered 7–14, 16, 17, and the latter part of request number 5 were rightly given; and

in view of all the evidence and the pleadings in the case, there was no error in giving request number 8. Request number 9, "If the jury find that after the signature of the testator thereto the instrument in suit was altered in any material particular, then the plaintiff cannot recover and the verdict must be for the defendants." This request was properly given. There was evidence which made the request proper. If the testator merely signed a piece of blank paper and what purported to be a promissory note was inserted above his signature, or if any material change was made in the instrument after his signature had been affixed, the plaintiff could not recover, and for this reason the 16th request was pertinent. The plaintiff claimed that the precedent notes were valid and given for a good consideration. If they were the consideration for the note in suit and were void for want of consideration, the note given for them also was void. *Chenery* v. *Barker*, 12 Gray, 345, 346. There was no error, therefore, in giving the 12th and 13th requests.

*Exceptions overruled.*