ABRAHAM WOLFF *vs.* ALEXANDER PERKINS & another.

Middlesex. October 19, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Bills and Notes,* Validity, Consideration. *Evidence,* Competency, Relevancy, Presumptions and burden of proof. *Practice, Civil,* Ordering verdict.

A negotiable promissory note, made by two, who had been guilty of a misdemeanor or a felony and against one of whom prosecution had begun, to a third person who at their request had furnished money to dispose of criminal proceedings and to cover up the connection with the misdemeanor or felony on the part of one of the makers who was not named in the criminal proceedings, and in an amount which constituted a part of the money which had been so paid by the payee for this purpose, is based upon an illegal contract, is against public policy, and cannot be enforced.

Where, at the trial of an action against the makers of the note above described, testimony by the defendant who had been named in the criminal proceedings tends to show the illegal consideration above described, his codefendant can insist that that issue be left to the jury although he himself denies all participation in the crime; and it is error for the trial judge to order a verdict for the plaintiff.

Where, in the action above described, that defendant who was not named in the criminal proceedings in his answer sets up want of consideration and an agreement by the plaintiff that such defendant never would be held on the note, evidence should be admitted which tends to show that when he signed the note he owed the plaintiff no money, was under no legal obligation to him, and became a party to the note solely because

of the plaintiff's statements that if his name was on the note the other defendant would be more likely to pay it, and that he would never be held thereon, and a verdict should not be ordered for the plaintiff.

The question, at the trial of an action upon a negotiable promissory note by the payee against the maker, whether the note was without consideration, is one of fact, and, while the production of the note makes a *prima facie* case of consideration, the burden is on the plaintiff to prove this issue when the facts are in dispute, and a verdict should not be ordered for the plaintiff.

CONTRACT, against Alexander Perkins and Fred Wolff as makers of a negotiable promissory note for $884.25, payable to the plaintiff. Writ dated March 16, 1923.

In the Superior Court, the action was tried before *Irwin*, J. Material evidence is described in the opinion. At the close of the evidence, the judge ordered a verdict for the plaintiff in the sum of $952.07, and reported the action to this court for determination, judgment to be entered for the plaintiff upon the verdict if his rulings were right; otherwise "a new trial is to be had."

The case was submitted on briefs.

*J. P. Farley & E. J. Tierney*, for the defendant Perkins.

*B. Silverblatt*, for the plaintiff.

SANDERSON, J. This is an action by the payee of a negotiable promissory note against his son and the defendant Perkins, as comakers. At the close of the evidence the trial judge directed a verdict for the plaintiff, subject to the exception of the defendant Perkins. The only defences that need to be considered are (1) that the note was given for an illegal consideration, and (2) that it was given without consideration and for the accommodation of the plaintiff.

The defendant Wolff, who is the plaintiff's son, was arrested in New Hampshire in the summer of 1919 for larceny of automobile tires. The case was disposed of by payments made by the plaintiff to the people from whom the tires were stolen, to counsel in New Hampshire, and to the court for costs. The plaintiff was reimbursed for a part of these payments and received a note for the balance signed by the defendants. This note was renewed from time to time and reduced by payments until the balance due was represented by the note upon which this action is brought.

If the testimony of the plaintiff is taken as true, he paid out this money for his son, in New Hampshire, at the request of the defendant Perkins and upon his promise to reimburse the plaintiff after the case was settled; and the note was given in compliance with this agreement. The jury could have found upon the testimony of the defendant Wolff that Perkins participated with him in the thefts; that the plaintiff knew this; that Perkins signed the note to carry out an agreement on his part to furnish the money to settle the criminal case, and on the part of the plaintiff and his son to cover up the connection of Perkins with the crime and to protect him from prosecution.

A note given under such circumstances is based upon an illegal consideration. It is immaterial whether the crime referred to be a felony or a misdemeanor. *Commonwealth* v. *Pease,* 16 Mass. 91. *Jones* v. *Rice,* 18 Pick. 440. *Clark* v. *Pomeroy,* 12 Allen, 557. *Atwood* v. *Fisk,* 101 Mass. 363. The result is the same if only a part of the consideration is illegal. *Atwood* v. *Fisk, supra. Gorham* v. *Keyes,* 137 Mass. 583. Such agreements are against public policy and cannot be enforced. *Graves* v. *Johnson,* 156 Mass. 211. *Traders' National Bank* v. *Steere,* 165 Mass. 389, 392. *Downey* v. *Charles S. Gove Co.* 201 Mass. 251. The facts in the case to be decided distinguish it from *Graves* v. *Johnson,* 179 Mass. 53. Perkins, who denied that he had any part in the crime, is not thereby estopped to rely on the defence of illegality which became an issue in the case, because of the testimony of his codefendant, who was called by the plaintiff. If the plaintiff desired to object to the pleading of inconsistent defences, he should have raised the question by demurrer. *Jewett* v. *Locke,* 6 Gray, 233. *Lyons* v. *Ward,* 124 Mass. 364. Because of the conflict in the evidence the judge could not have ruled that the defence of illegal consideration had not been established.

Upon the testimony of Perkins, including that which was offered and excluded subject to his exception, the jury could have found that, at the request of the defendant Wolff, he asked the plaintiff to help his son out of the trouble, but when told by the plaintiff that he would help upon condition that

Perkins would sign a note with the plaintiff's son, he refused to agree to this; that when Perkins signed the note he owed the plaintiff no money, was under no legal obligation to him, and became a party to the note solely because of the plaintiff's statements that if Perkins's name was on the note the plaintiff's son would be more likely to pay it, and that Perkins would never be held thereon. The testimony stricken out and that which was offered to prove these facts and excluded should have been admitted. *Corlies* v. *Howe,* 11 Gray, 125. The question whether the note was without consideration was one of fact. *Doyle* v. *Dixon,* 97 Mass. 208, 213. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 606. While the production of the note makes a *prima facie* case of consideration, the burden is on the plaintiff to prove this issue when the facts are in dispute. *Huntington* v. *Shute,* 180 Mass. 371. *Lombard* v. *Bryne,* 194 Mass. 236, 238. *Nesson* v. *Millen,* 205 Mass. 515. *Seager* v. *Drayton,* 217 Mass. 571. *Conners Brothers Co.* v. *Sullivan, supra.*

The cases where evidence of a contemporaneous agreement not to enforce a note given for consideration has been held to be incompetent are to be distinguished from those where upon the evidence the jury could find that the note was without consideration and was signed by the defendant upon the plaintiff's promise not to hold him upon it. *Perry* v. *Bigelow,* 128 Mass. 129. *Harry Wood's Sons Co.* v. *Schaeffer,* 173 Mass. 443. *Hall* v. *First National Bank of Chelsea,* 173 Mass. 16, 18.

The exception to the order directing a verdict for the plaintiff must be sustained; and in accordance with the terms of the report the case is to stand for a new trial.

*So ordered.*