SALEM TRUST COMPANY *vs.* ELIZABETH A. DEERY.

Essex.   December 4, 5, 1934. — February 11, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & DONAHUE, JJ.

*Bills and Notes*, Accommodation, Consideration, Renewal.  *Evidence*, Presumptions and burden of proof, Relevancy.  *Practice, Civil*, Ordering verdict.

Where, in an action by the payee against the maker of a promissory note, the defendant relies on the defence of want of consideration in that he signed the note solely for the accommodation of the plaintiff, the ultimate burden of proof on the issue of consideration, if there is any evidence at the trial to rebut the *prima facie* case established by G. L. (Ter. Ed.) c. 107, § 47, is on the plaintiff.

Regardless of which party has the burden of proof at the trial of an action, a verdict should not be ordered for a party unless the evidence, construed most favorably to the opposite party, would not warrant a contrary verdict, or unless evidence by which the opposite party is bound would make unjustifiable a verdict in his favor.

At the trial of an action by a trust company, the payee of a promissory note, against a woman, its maker, the defence was want of consideration in that she signed the note solely for the accommodation of the plaintiff.  There was evidence warranting findings that the defendant, at the request of her husband, the plaintiff's president, went to the plaintiff's offices and, in the presence of her husband, interviewed the vice-president, who assured her that her signature on the note was needed for the accommodation of the plaintiff and would involve no liability on her part; that upon the signing of the note, funds of the plaintiff in the amount of the note were used to pay an indebtedness of the defendant's husband to a stockbroker; and that the defendant did not know of such extension of credit by the plaintiff to her husband or that her note was to be used in connection therewith.  After the recording of a verdict for the defendant subject to leave reserved, a verdict was ordered entered for the plaintiff.  Upon exceptions by the defendant, it was *held*, that

(1) A finding was warranted that the defendant did not undertake to bind herself as maker of the note for the accommodation of her husband;

(2) The fact that the plaintiff extended credit to the defendant's husband in reliance upon her note was immaterial if she did not undertake so to bind herself;

(3) A finding was warranted that there was no consideration for the defendant's signing the note;

(4) Evidence with respect to the dealings between the defendant's husband, the plaintiff and the stockbroker was relevant on the issue,

whether the plaintiff or the husband was the accommodated party, and there was no merit in an exception by the plaintiff to the admission of that evidence;

(5) It was error to order entered the verdict for the plaintiff;

(6) On the record, judgment must be ordered entered for the defendant on the verdict.

A party is not necessarily bound by the testimony of a witness called by him.

A promissory note given in renewal of a previous note for which there was no consideration is also without consideration.

CONTRACT. Writ in the First District Court of Essex dated May 2, 1932.

On removal to the Superior Court, the action was tried before *T. J. Hammond*, J. Material evidence is described in the opinion. There was a verdict, recorded subject to leave reserved, for the defendant. Thereafter the judge ordered entered a verdict for the plaintiff in the sum of $17,320. The defendant alleged exceptions.

*S. H. Donnell*, (*J. E. Farley* with him,) for the defendant.

*N. Leonard*, (*V. V. R. Booth* with him,) for the plaintiff.

CROSBY, J. This is an action of contract to recover the amount of a promissory note, brought by a Massachusetts trust company which has been in the possession of the commissioner of banks since December 15, 1931. The note, dated February 11, 1931, in the sum of $30,000, was signed by the defendant and was payable to the plaintiff or its order. It was admitted by the defendant that she signed the note, and that it was given in renewal of a note for the same amount signed by her on February 11, 1930. The amount due on the note at the date of trial, September 19, 1933, plus interest, was $17,320.72. The case was tried before a judge of the Superior Court sitting with a jury. The plaintiff on the defendant's opening moved for a directed verdict, and again at the conclusion of the evidence; the motions were denied subject to the plaintiff's exceptions. The jury returned a verdict for the defendant, but, under leave reserved before it was recorded, the judge ordered entered a verdict for the plaintiff in the sum of $17,320. The case is before this court on the defendant's exceptions.

Although the defendant admitted that she signed the original as well as the renewal note on which this action is brought, she relied as a defence on want of consideration, in that she signed solely for the benefit of the plaintiff. On this issue the ultimate burden of proof was on the plaintiff, if there was any evidence rebutting the *prima facie* presumption established by G. L. (Ter. Ed.) c. 107, § 47. *Lombard* v. *Bryne,* 194 Mass. 236, 238. *Wolff* v. *Perkins,* 254 Mass. 10, 13. It has been said by this court that a verdict can rarely be directed in favor of a party having the burden of proof where the evidence consists of oral testimony. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 589. Moreover, regardless of which party has the burden of proof, it is held in this Commonwealth that a verdict will not be directed for a party unless the evidence when construed most favorably to the opposite party would not warrant a contrary verdict, or unless evidence by which such opposite party is bound would make impossible a verdict in his favor. *Durant* v. *Holbrook, Cabot & Rollins Corp.* 207 Mass. 76, 79. *LaFond* v. *Boston & Maine Railroad,* 208 Mass. 451, 456. *Patton* v. *De Viney,* 259 Mass. 100, 102. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Bellenger* v. *Monahan,* 282 Mass. 523, 528. *Curtis* v. *Comerford,* 283 Mass. 589, 591. "The practice in this Commonwealth and generally requires a submission to the jury if there is evidence proper for their consideration, even though the preponderance may appear so great to the trial judge as to require him (if requested) to set aside one or several verdicts rendered against such preponderance." *Niland* v. *Boston Elevated Railway,* 208 Mass. 476, 478, and cases cited. *Warner* v. *Fuller,* 245 Mass. 520, 529. *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 276. The question therefore to be determined in the case at bar is whether there was any evidence upon which the jury could have found for the defendant. If there was, a verdict could not properly be directed even though the trial judge might set it aside.

The defendant testified that on or about February 11,

1930, she went to the Salem Trust Company to see Vice-president Carr, at the request of her husband, John A. Deery, who was president of the company. There, at the request of Carr and upon his assurance that her signature was needed for the accommodation of the bank and would involve no liability on her part, she signed a note for $30,000 payable to the plaintiff. Her husband testified that he had asked the defendant to sign the note, but that the execution of it was handled by Carr; the husband was present. Carr testified that he had no recollection of a conversation with the defendant incidental to signing the note. The defendant later signed the renewal note on which the present action is brought. She testified that she did not remember any conversation in connection with the signing of this renewal note. It was stipulated by counsel and read to the jury that on the date of the signing of the original note two checks of the savings department of the Salem Trust Company were issued, payable to the order of the defendant, in the sums of $20,000 and $10,000, respectively; that no personal indorsement of the defendant appears on the back of these checks; but "that the guarantee stamp of the bank was used." The checks issued by the savings department were deposited with the commercial department, and the proceeds from the checks were used by the commercial department to pay $30,000 of a $35,000 draft which was presented to the plaintiff by the Naumkeag Trust Company for collection with a note of John A. Deery attached. The defendant further testified that she never talked with anyone representing Hornblower and Weeks about her husband's transactions with that concern out of which arose the indebtedness which was paid by the plaintiff from the proceeds of the defendant's note in the manner above described.

The evidence shows that the note of the defendant was recorded in the cash book and on the daily statement of condition of the plaintiff. It was agreed by counsel for the defendant that the note was listed as an asset of the plaintiff in the amount of $30,000, but there was no evidence that the defendant had knowledge of this fact.

In view of the entire evidence the entry of a verdict for the plaintiff under the leave reserved was erroneous. The jury could have found upon the evidence that the defendant signed the original note without having received any consideration therefor. The circumstance that the plaintiff extended credit to the defendant's husband in reliance on her note would not constitute such consideration unless the defendant had agreed to become bound thereby, or unless knowledge of the plaintiff's reliance thereon precludes the defence of want of consideration on the ground of estoppel. If the advances made in favor of her husband were not made at her request and in return for her promise they would not constitute a valid consideration. The jury could have found from the evidence that the defendant knew nothing of the use which the officers of the bank proposed to make of her note; and therefore that she did not undertake to be liable as a maker of the note for the accommodation of her husband. The testimony of her husband, called as a witness by her, was not necessarily binding upon her and might have been disbelieved by the jury. *Haun* v. *LeGrand*, 268 Mass. 582, 584. *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, 283. It does not necessarily show that the defendant knew that her note was to be used to pay in part a note for $35,000 which her husband had given to Hornblower and Weeks. But if she agreed to give the note for her husband's accommodation, the fact that the plaintiff knew that the proceeds of the defendant's note were not received by her would not avail her as a defence. *Neal* v. *Wilson*, 213 Mass. 336, 337. *Conners Brothers Co.* v. *Sullivan*, 220 Mass. 600, 604. *Tanners National Bank of Woburn* v. *Dean*, 283 Mass. 151, 154. Moreover, if she signed the note for her husband's accommodation, the representation made by the vice-president of the plaintiff that she would not be liable on the note would not excuse or limit her liability. *Dedham Institution for Savings* v. *Slack*, 6 Cush. 408. *Davis* v. *Randall*, 115 Mass. 547. *Prudential Trust Co.* v. *Moore*, 245 Mass. 311. But there was evidence from which it could have been found that there was no agreement on

the part of the defendant to become bound for the accommodation of her husband; and there was further evidence that she did not know of nor bargain for the advances made in reliance upon her note. If this evidence was believed, the original note was unenforceable between the immediate parties for lack of consideration. The second note given in renewal had no greater consideration than the original note. *Seager* v. *Drayton*, 217 Mass. 571, 572. *Aikey* v. *Gardner*, 243 Mass. 77, 86.

In the absence of evidence to the contrary which was binding on the defendant, the credibility and weight of this evidence were for the jury to determine.

If the jury believed the testimony of the defendant to the effect that when she signed the original note she was told by the plaintiff's vice-president, Carr, that her signature was needed for the accommodation of the bank, and would not involve any liability on her part, a verdict in favor of the plaintiff would not have been warranted. If, however, the jury did not credit her testimony and found that she signed the original note for the accommodation of her husband, a verdict in favor of the plaintiff would be required. It follows that the defendant's exception to the allowance of the plaintiff's motion to enter a verdict under the leave reserved must be sustained.

The plaintiff excepted to the admission of evidence respecting the dealings of John A. Deery, the plaintiff and Hornblower and Weeks. As a result of these transactions, Deery gave the note which the plaintiff paid after the execution of the note by the defendant dated February 11, 1930, the renewal of which is the subject of this action. The evidence in question was properly admitted on the issues as to who received the consideration of the note, and as to who was the accommodated party. It was the defendant's contention that the plaintiff was in fact the accommodated party. The plaintiff excepted to all this evidence. We are of opinion that the evidence was admissible for the purpose of determining whether the plaintiff or John A. Deery was the party accommodated. *Wolff* v. *Perkins*, 254 Mass. 10, 13. *Tanners National Bank of*

*Woburn* v. *Dean*, 283 Mass. 151, 154.   Wigmore, Evidence (2d ed.) §§ 2443–2445.

The case appears to have been fully tried upon the merits.   The verdict originally returned for the defendant is to stand, and in accordance therewith the entry may be
                                        *Judgment for the defendant.*