BARBARA M. LEONARD, administratrix, *vs.* CLAUDE M. WOODWARD.

Bristol.    October 25, 1939. — February 28, 1940.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Bills and Notes,* Accommodation, Consideration. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Exceptions: what questions open; Verdict. *Words,* "Matter of defence."

Evidence, at the trial of an action by an administrator against one of two joint makers of a negotiable promissory note payable to the plaintiff's intestate, that the note was found in the intestate's safe

deposit box and that on the day of its date the intestate had lent the other joint maker, the father-in-law of the defendant, the amount stated in the note, warranted a finding, contrary to the testimony of the defendant, that the note was not signed by the defendant for the accommodation of the plaintiff's intestate.

It was no defence to an action against one of two joint makers of a negotiable promissory note that there was an oral "understanding" between the payee and the defendant that the defendant would not be held responsible on the note.

The words "matter of defence" in the provision of G. L. (Ter. Ed.) c. 107, § 51, that want of consideration of a negotiable promissory note "is matter of defence" mean matter which the defendant in an action against the maker on the note must not only plead but also must sustain the burden of proving.

The question of possible error in the amount of a verdict was not open in this court where no exception respecting the verdict was taken when it was returned and recorded.

CONTRACT. Writ in the First District Court of Bristol dated February 18, 1936.

On removal to the Superior Court, the action was tried before *Morton*, J., and a verdict was returned for the plaintiff in the sum of $2,008.75. The defendant in this court contended that the verdict should not have exceeded $1,937.71.

*E. S. White & L. I. Phillips*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

QUA, J. This action is upon a promissory note for $1,500, payable on demand to the plaintiff's intestate and signed on its face, apparently as joint makers, by the defendant and one Emery. At the trial and at the argument before us the defendant took the position that he signed the note for the accommodation of the plaintiff's intestate, and that as to him the note was without consideration. He saved his rights on these points by a motion for a directed verdict, by requests for rulings, and by exceptions to portions of the charge claimed to be inconsistent with his requests.

Evidence favoring the plaintiff tended to show that the plaintiff found the note in her intestate's safe deposit box; that on the day of the date of the note her intestate lent $1,500 to Emery by giving him a check for that amount; and that Emery was the defendant's father-in-law. The defendant testified that he signed the note for the accom-

modation of the plaintiff's intestate and received nothing of value for so doing; that he was acquainted with the plaintiff's intestate but was not related to him; that Emery asked him to sign as an accommodation to the plaintiff's intestate, as the latter wanted a note with joint makers, so that he could discount it at the bank if he wished to do so; that when the note was signed both the plaintiff's intestate and Emery understood that the defendant was not to be held responsible by either of them; and that the defendant never authorized or consented to the check for $1,500 being made payable to Emery.

Of course the defendant would not be liable to a party for whose accommodation he signed. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 605. *Goodman* v. *Gaull,* 244 Mass. 528, 530. *Tanners National Bank of Woburn* v. *Dean,* 283 Mass. 151, 154. *Great Barrington Savings Bank* v. *Day,* 288 Mass. 181, 184. *Quincy Trust Co.* v. *Woodbury,* 299 Mass. 565, 567. But the jury were not obliged to find that the defendant signed for the accommodation of the plaintiff's intestate. They could think it more probable that the defendant signed at the request of his father-in-law, Emery, for the accommodation of Emery in order that Emery might get the loan of $1,500 from the plaintiff's intestate. On this record it was for the jury to say for whose accommodation the defendant signed. *Jacobs* v. *Brown,* 259 Mass. 232, 237. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 436. If the defendant signed for the accommodation of Emery, in order that Emery might receive the $1,500, the defendant would be liable to the plaintiff's intestate and to the plaintiff. An accommodation party "is liable on the instrument to a holder in due course, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." G. L. (Ter. Ed.) c. 107, § 52. *Neal* v. *Wilson,* 213 Mass. 336, 337. *Tanners National Bank of Woburn* v. *Dean,* 283 Mass. 151, 154. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 435. *Waltham Trust Co.* v. *Cincotta,* 293 Mass. 272, 276. The plaintiff's intestate was "*prima facie*" a holder in due course. G. L. (Ter. Ed.) c. 107, § 82. *Beacon Trust Co.* v. *Ryder,* 273 Mass. 573. A payee may

be a holder in due course, G. L. (Ter. Ed.) c. 107, § 75. *Liberty Trust Co.* v. *Tilton*, 217 Mass. 462, 463. *Russell* v. *Bond & Goodwin Inc.* 276 Mass. 458, 463. *Karlsberg* v. *Frank*, 282 Mass. 94, 95.

Evidence that the plaintiff's intestate and Emery "understood" that the defendant would not be held responsible did not disclose a separate ground of defence, and except for its bearing upon consideration and accommodation, would have been inadmissible, as it tended to vary the written contract embodied in the note. *Wolff* v. *Perkins*, 254 Mass. 10, 13. *Starks* v. *O'Hara*, 266 Mass. 310, 313, 314. *Reardon* v. *Murdock*, 292 Mass. 362, 365. *Quincy Trust Co.* v. *Woodbury*, 299 Mass. 565, 567.

What has been said indicates that there was evidence warranting a verdict for the plaintiff, and that there was no error in refusing to direct a verdict for the defendant or in refusing to rule as matter of law that there was no consideration for the note.

But the defendant also asked for instructions that the burden of proof upon the issue of consideration was upon the plaintiff. The defendant had pleaded want of consideration. At the trial he did not, so far as appears, concede that a loan from the plaintiff's intestate to Emery formed any part of the transaction, and his contention seems to have been that, at least as far as he was concerned, there was no consideration in any form for the note. Compare *Robertson* v. *Rowell*, 158 Mass. 94, 96. It would seem, therefore, that the issue of consideration was fully open to the defendant, *Salem Trust Co.* v. *Deery*, 289 Mass. 431, 435, 436, and that he was entitled to have the court deal with his requests for instructions as to the burden of proof on that issue. These requests raise the question whether, when want of consideration is pleaded as a defence to a negotiable instrument, and evidence is introduced tending to show want of consideration, the burden of proof on that issue by a preponderance of the evidence, as distinguished from the burden of merely introducing some evidence, rests upon the plaintiff or upon the defendant.

Before the enactment in this Commonwealth of the ne-

gotiable instruments law (St. 1898, c. 533) it had become settled that the production of the instrument, signed by the defendant, was *prima facie* evidence of consideration, but when evidence was introduced tending to show lack of consideration the burden of proof was upon the plaintiff. *Delano* v. *Bartlett*, 6 Cush. 364. *Burnham* v. *Allen*, 1 Gray, 496, 499–502. *Noxon* v. *De Wolf*, 10 Gray, 343, 346. *Morris* v. *Bowman*, 12 Gray, 467. *Estabrook* v. *Boyle*, 1 Allen, 412. *Perley* v. *Perley*, 144 Mass. 104, 107. Compare, however, *Parish* v. *Stone*, 14 Pick. 198, 201, 202; *Jennison* v. *Stafford*, 1 Cush. 168. But § 28 of the original negotiable instruments law, now G. L. (Ter. Ed.) c. 107, § 51, reads as follows: "Absence or failure of consideration is matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise." See also § 47 (original § 24) providing that "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value." It would seem that by "matter of defence" was meant matter which the defendant must not only plead but must also prove, and that one purpose of this section was to place the burden of proof upon the defendant, thereby resolving a preëxisting conflict of authority among the decisions of various jurisdictions and making the rule uniform in accordance with the general scheme of the act. It is exceedingly difficult to construe the words "matter of defence" as meaning matter which the plaintiff must disprove. Nevertheless in two cases since the passage of the negotiable instruments law this court has followed its former rule. *Huntington* v. *Shute*, 180 Mass. 371. *Lombard* v. *Bryne*, 194 Mass. 236. The first of these cases seems really to have turned upon an instruction by the trial judge as to the meaning of the words "value received." The second discusses the point that the matter there offered by the defendant was not in the nature of confession and avoidance. A search has revealed five instances in which the court has reiterated its former rule by way of dictum, but where the

statement seems unnecessary to the decision. *Seager* v. *Drayton,* 217 Mass. 571, 572. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 605. *Tremont Trust Co.* v. *Brand,* 244 Mass. 421, 422. *Wolff* v. *Perkins,* 254 Mass. 10, 13. *Salem Trust Co.* v. *Deery,* 289 Mass. 431, 433. All of the cases following or mentioning the old rule reach back for their authority, directly or indirectly, to the cases decided before the passage of the negotiable instruments law. None of them discusses or even mentions § 28, now § 51, of that law. We venture to believe that the court did not intend to assert a construction of this section which seems to us contrary to its true intent, and that the court did not have the statute in mind in drawing up its opinions in these cases. Our construction of the statute is in accord with standard text books. Brannan's Negotiable Instruments Law (6th ed.) 363. (Compare page 747, dealing with the original § 59, now § 82, of the Massachusetts law.) Daniel on Negotiable Instruments (7th ed.) § 180. Williston on Contracts (Rev. Ed.), § 108, § 1146, note 22, and cases cited. It is also in accord with practically all of the cases in other jurisdictions in which the statute is cited and discussed. *Kessler* v. *Valerio,* 102 Conn. 620. *Hickman-Lunbeck Grocery Co.* v. *Hager,* 75 Colo. 554. *First National Bank of Blackfoot* v. *Doschades,* 47 Idaho, 661. *American National Bank of Mt. Carmel* v. *Woolard,* 342 Ill. 148, 150. *Millard* v. *Curtis,* 208 Iowa, 682. *Hazen* v. *Ferriter,* 124 Kans. 261, 264. *Shaffer* v. *Bond,* 129 Md. 648. *Veigel* v. *Johnson,* 163 Minn. 288. *Alley* v. *Butte & Western Mining Co.* 77 Mont. 477. *Piner* v. *Brittain,* 165 N. C. 401. *First State Bank of Hazen* v. *Radke,* 51 N. D. 246. *Plaza Hotel Co.* v. *Hotel Stratton,* 132 Neb. 396. *White* v. *Kemper Military School,* 132 Okla. 189. *Kemppainen* v. *Suomi Temperance Society,* 128 Ore. 643. *Shaw* v. *McShane,* 50 S. W. (2d) 278, 281 (Texas Commission of Appeals). *Greenwood* v. *Lamson,* 106 Vt. 37, 43. *Gleason* v. *Brown,* 129 Wash. 196, 201. It brings the rule as to burden of proof of want of consideration into conformity with that prevailing as to failure of consideration, which is dealt with in the same section. *Indiana Flooring Co.* v. *Rudnick,* 236 Mass. 90, 93. It is in furtherance of the

general principle that a negotiable instrument should be self-proving so far as is reasonably practicable. It will tend to promote uniformity. Our duty is to follow the mandate of the statute.

Inasmuch as we hold that the burden of proof upon the issue of consideration was upon the defendant, who set up want of consideration, there was no error in refusing requests for rulings that the burden was upon the plaintiff.

The defendant cannot complain of the refusal to give an instruction in the exact words of G. L. (Ter. Ed.) c. 107, § 51. As we have already construed that section this would have been in substance an instruction that the burden of proof of want of consideration was upon the defendant. Although such an instruction would have been correct, the defendant was not harmed by its refusal. In so far as this request may have been intended merely as a request for an instruction (without regard to burden of proof) that the plaintiff could not recover if there was no consideration, the defendant seems to have had nearly, if not quite, the benefit of its equivalent in the instructions under which there could be no recovery if the jury found to be true the facts upon which the defendant relied to show lack of consideration. At any rate, this request contained references to failure and partial failure of consideration which were not pertinent to any issue in the case and might well have been confusing to the jury. There was no error in refusing it.

The question of possible error in the amount of the verdict is not open to the defendant, as it does not appear that any exception was taken when the verdict was returned and recorded. *Low Supply Co.* v. *Pappacostopoulous*, 283 Mass. 633, 635, 636. *Universal Supply Co.* v. *Hildreth*, 287 Mass. 538, 540. See *Edwards* v. *Carr*, 13 Gray, 234, 238.

We have considered every exception that has been argued.

*Exceptions overruled.*