Hillsborough,
No. 4345.

JAMES G. VEINO *v.* EDWARD E. BEDELL *& a.*

Submitted November 4, 1954.

Decided November 30, 1954.

*James I. Hines* for the plaintiff.

*R. Wayne Crosby* and *George F. Nelson* for the defendant.

KENISON, C. J.   The Servicemen's Readjustment Act of 1944 as amended, popularly referred to as the G. I. Bill of Rights, provides in effect that the purchase price paid or to be paid by the veteran for a home or business shall not exceed the reasonable value as determined by the appraisal of the Veterans Administrator.   38 U. S. C. A., *s.* 694a (a) (3) and *s.* 694c (4); American Law of Veterans (supp.) *s.* 412.   The obvious purpose of the statute was to protect the veteran from acquiring property at an excessive price. *Young* v. *Hampton,* 36 Cal. (2d) 799; *Karrell* v. *United States,* 181 F. (2d) 981.   If the vendor is not willing to sell the property at the appraisal value and exacts a promissory note from the veteran for an additional sum, the consideration is illegal and the note is unenforceable.   Anno. 19 A. L. R. (2d) 836.

If the consideration for the note was a loan, the note was valid in all respects but if it was a side agreement for an excess payment for the real estate it was a wholly illegal consideration and the note was unenforceable.   *Burque* v. *Brodeur,* 85 N. H. 310, 313; Restatement, Contracts, *s.* 512, *comment* d; 6 Corbin, Contracts, *s.* 1536, *p.* 1063.   The jury was so instructed but the plaintiff claims that illegality of consideration is an affirmative defense which must

be proven by the defendant and that the instructions in that regard were incomplete and misleading.

The Uniform Negotiable Instruments Law provides that "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration . . . . " R. L., c. 366, s. 24. Section 28 provides that "absence or failure of consideration is matter of defense as against any person not a holder in due course." Prior to the enactment of this law it was not clear whether the burden of proof, as distinct from the burden of going forward with the evidence, rested upon the defendant. *Coburn* v. *Odell,* 30 N. H. 540; *Shaw* v. *Shaw,* 60 N. H. 565. The modern rule construing sections 24 and 28 together places the burden upon the defendant. The rule has been well stated in 4 Williston, Contracts (Rev. *ed.*) *s.* 1146, note *p.* 3302 as follows: "It is clear that under this section [section 28], taken in connection with section 24, that whatever may have been the rule prior to the enactment of the Statute, the burden, not only of introducing some evidence of lack of consideration but of ultimately proving such lack, is thrown upon the defendant." This view is supported by the overwhelming weight of authority. Brannan, Negotiable Instruments Law (7th *ed.*) *p.* 485; Britton, Bills and Notes, *s.* 99; *Leonard* v. *Woodward,* 305 Mass. 332. Illegal consideration stands on the same basis as lack of consideration and is likewise an affirmative defense upon which the defendant has the burden of proof. See 5 Williston, Contracts, *s.* 1630A.

The plaintiff's exception to the Court's charge was as follows: "I'd like to except to the charge of the Court that the burden of proof is on the plaintiff to show his right to the sum of $3,000. We say that the $3,000 promissory note signed by the parties for value received is *prima facie* evidence of the payment of that sum, and that the jury should be instructed that it is the duty of the defendants to prove that the plaintiff is not entitled to the sum." The Court instructed the jury that the burden of proof was generally on the plaintiff but that there was a "different application" in this case and that "the burden of proof is upon the party who asserts a claim." They were also told that if the note was given in part payment for the real estate "as contended by the defendants" the plaintiff is not entitled to recover on it, and that "the issue for you to decide there is whether or not the note was given in part payment for the real estate." While the Court did not instruct the jury in the specific language of R. L., c. 366, s. 28,

and was not requested to do so, the plaintiff had the benefit of equivalent instructions. Similar instructions were upheld in a comparable case. *Leonard* v. *Woodward*, 305 Mass. 332, 338. See *Glidden* v. *Company*, 88 N. H. 4, 8. Considering the charge as a whole there is no reason to believe that it was misleading to the jury or prejudicial to the plaintiff's claims.

*Judgment on the verdict.*

All concurred.